**CALDERON et al. v. TOBIN, Secretary of Labor, et al.**

**No. 10151.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1950.
Decided Jan. 4, 1951.

---

1. 1902, 19 App.D.C. 506.

2. 25 Stat. 246 (1888), D.C.Code, § 14—403 (1940).

whom George Morris Fay, U. S. Atty., Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., and Isidor Lazarus, Attorney, Department of Justice, were on the brief, for appellees. Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellees.

Before PRETTYMAN and BAZELON, Circuit Judges, and STONE, Circuit Judge (Retired), sitting by designation.

PRETTYMAN, Circuit Judge.

Maximo Calderon, being then an employee of the United States, died as the result of injuries sustained in the course of that employment. The Surrogate's Court of the County of New York, after litigation, issued letters of administration to Aurea Calderon and refused to revoke those letters upon the petition of Adela Calderon. Thereafter Aurea, Adela and Celia Calderon were claimants before the Bureau of Employees' Compensation of the Federal Security Agency for compensation as the widow of the deceased. The Director of the Bureau and the Appeals Board held Celia Calderon to be the widow within the meaning of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. This suit followed.

It appears that the deceased had a succession of wives, at least one of whom, late in the succession, was ceremonially married to him, and none of these relationships was formally dissolved. The federal Board selected the first in chronological order. It might be observed, although it is of no importance to the decision in this case, that she was not a party to the New York surrogate proceeding.

The Federal Compensation Act, as amended,[1] provides: "The action of the Administrator or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by any other official of the United States, or by any court by mandamus or otherwise, and credit shall be allowed in the accounts of any

F. Trowbridge vom Baur, Washington, D. C., with whom Ralph E. Becker and Joseph Paull Marshall, Washington, D. C., were on the brief, for appellants.

Ward E. Boote, Asst. Solicitor, U. S. Department of Labor, Washington, D. C., with

1. 5 U.S.C.A. § 793.

**516**

certifying or disbursing officer for payments in accordance with such action."

 The federal employees' compensation allowances are grants by the Congress, and the agents of the Congress have power to determine the recipients of such grants. If Congress chose to preclude judicial review of the selection of the objects of its bounty, it could do so.[2] The full faith and credit clause of the Constitution is not involved.

We are in agreement with the District Court, and its judgment is, therefore, affirmed.

2. Cf. 38 U.S.C.A. § 705; Barnett v. Hines, 1939, 70 App.D.C. 217, 105 F.2d 96, certiorari denied, 1939, 308 U.S. 573, 60 S. Ct. 88, 84 L.Ed. 480; Van Horne v. Hines, 1941, 74 App.D.C. 214, 122 F. 2d 207, certiorari denied, 1941, 314 U. S. 689, 62 S.Ct. 360, 86 L.Ed. 552.