**CLAY v. UNITED STATES et al.**

No. 11542.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 7, 1953.

Decided Oct. 22, 1953.

Writ of Certiorari Denied March 15, 1954.

See 74 S.Ct. 530.

Mr. Byron N. Scott, Washington, D. C., for appellant.

Mr. E. Riley Casey, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., were on the brief, for appellees. Messrs. Charles M. Irelan, U. S. Atty., and Joseph M. Howard, William E. Kirk, Jr., and William R. Glendon, Asst. U. S. Attys., at the time the record was filed, also entered appearances for appellees.

Before CLARK, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

■■ William C. Clay, the appellant, brought suit in the District Court against the United States and certain named Government officials,[1] seeking a judgment declaring void an assignment he had made to the United States of certain Letters Patent. On defendants' motion the court dismissed the complaint, holding that it was without jurisdiction of the subject matter and that the complaint did not state a claim upon which relief could be granted. A memorandum opinion filed by the court pointed out that in a suit against the United States under the Tucker Act, 28 U.S.C. § 1346(a) (2), this Act being the only basis relied upon to support jurisdiction, the District Court has jurisdiction only of a claim for damages not exceeding $10,000. The court said that the jurisdiction does not include a suit, such as this, solely for specific relief of an equitable character.[2] We agree. The Tucker Act permits a suit against the United States only for a money judgment. Any equitable relief which might be granted in such a suit is in aid of the claim for money judgment. United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; Lynn v. United States, 5 Cir., 110 F.2d 586.

Affirmed.

1. It is not questioned that the action is one against the United States.

2. The court also held that the allegations of the complaint respecting duress alleged to have been exerted in the obtaining of the assignment did not state a cause of action, and, further, that the statute of limitations had run.