**Edith BLANC, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 16037.

United States District Court
E. D. New York.

March 22, 1956.

Aaron Nussbaum, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for the United States.

BRUCHHAUSEN, District Judge.

The defendant's motion is for an order dismissing the complaint upon the ground that the Court lacks jurisdiction over the subject matter.

The complaint entitled "Complaint in Equity and for Declaratory Judgment" contains allegations, in substance, that the plaintiff, the widow of a deceased Government employee, was unjustly deprived of compensation, provided for by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.; that she was not given a hearing and that the decision on her claim was arbitrary and capricious; that there was also a violation of the Fifth Amendment and noncompliance with 28 U.S.C. § 41(20) and 28 U.S.C. § 1346(b). The latter is known as the Tucker Act.

The Tucker Act, from its text, clearly is limited to actions for money judgments, thus excluding equitable or declaratory judgment actions. Clay v. United States, 93 U.S.App.D.C. 119, 210 F.2d 686.

The Federal Employees' Compensation Act, supra, in substance provides that the United States shall pay compensation as therein specified for the disability or death of an employee resulting from a personal injury sustained while in the performance of his duty; that a claim thereunder shall be made on a form furnished for that purpose and be accompanied by a certificate of a physician; that the compensation commission may conduct certain examinations and is vested with the power of subpoena; that the commission shall determine and make

findings of facts and make an award for or against payment of compensation. The act contains a provision, which is the principal basis for this motion and is part of Section 793 thereof, viz.:

" * * * The action of the Secretary [of Labor] or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by any other official of the United States, or by any court by mandamus or otherwise, and credit shall be allowed in the accounts of any certifying or disbursing officer for payments in accordance with such action."

The aforesaid provision was enacted in 1945.

It is noted that the Act does not entitle the applicant to a hearing. The Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, provides for judicial review of action of administrative agencies excepting in such cases where statutes preclude such review or agency action is by law committed to agency action.

The gravamen of the plaintiff's resistance to the motion to dismiss is that there was an absence of due process of law and that the findings of the Government agency are unsupported, arbitrary and capricious.

Both parties cite and quote from numerous cases, including the case of Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, relied upon by the said parties, partially founded upon the case of United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011. These cases clearly and concisely set forth the principles governing claims against the Government and the power of Congress to make any remedy afforded a claimant exclusive.

In the Dismuke case, the Court stated the principles, as follows:

1. The Government in creating claims against itself is not bound to provide a remedy in the courts.

2. The Government may withhold all remedy or it may provide an administrative remedy and make it exclusive, however mistaken its exercise. Citing the Babcock case, supra.

In the Babcock case, it was held that the Court of Claims had no jurisdiction to hear and determine a claim for compensation under a statute, possessing the general characteristics of the Act involved in the instant action. The statute, involved in Babcock, provided for the filing of claims by Army Officers against the Secretary of War for the loss of privately owned personal property and appeal to the Comptroller of the Treasury. The said statute contained a provision, similar to the statute in the case at bar to the effect that the actions of the said officials shall be held as finally determined and shall never thereafter be reopened or considered. In denying jurisdiction of the Court of Claims, the Court held that the intention of Congress was to confer upon the executive department, named in the statute, exclusive jurisdiction and to make its decision final.

The later cases of Calderon v. Tobin, 88 U.S.App.D.C. 134, 187 F.2d 514, certiorari denied in 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363; Nolen v. United States, 109 F.Supp. 391, 124 Ct. Cl. 230, and Di Silvestro v. United States Veterans' Administration, D.C., 132 F. Supp. 692, affirmed 2 Cir., 228 F.2d 516, further support the principle that Congress is possessed with the power of precluding judicial review. In the Calderon case the Court said [187 F.2d 516]:

"The federal employees' compensation allowances are grants by the Congress, and the agents of the Congress have power to determine the recipients of such grants. If Congress chose to preclude judicial review of the selection of the objects of its bounty, it could do so."

The motion is granted.