Charles W. HANCOCK, Appellant,

v.

James P. MITCHELL, Secretary of Labor, and William McCauley, Director, United States Employees' Compensation Commission.

No. 11809.

United States Court of Appeals Third Circuit.

Submitted March 23, 1955.

Decided April 6, 1956.

Charles W. Hancock, pro se.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Richard M. Markus, Dept. of Justice, Washington, D. C., Raymond De Tufo, Jr., Newark, N. J., for appellees.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from the dismissal of his complaint by the district court for the district of New Jersey. The complaint alleged that the plaintiff, a civilian employee of the United States who had contracted a chronic disease in government service, had been denied compensation under the Federal Employees' Compensation Act, 5 U.S.C. A. § 751 et seq. by the Director of the Bureau of Employees' Compensation or its predecessor, the Employees' Compensation Commission, and by the Secretary of Labor. The complaint was filed pro se and it is difficult to determine exactly what relief is sought. It appears, however, that the plaintiff, being dissatisfied because, as he alleges, he was not accorded a formal hearing by the Bureau and because the Act prohibits judicial review, seeks an adjudication that the Act is unconstitutional on these grounds. It is obvious that he also desires the adverse administrative ruling to be reviewed.

The district court was right in dismissing the complaint. The Federal Employees' Compensation Act expressly prohibits judicial review of the denial of payments thereunder, 5 U.S. C.A. § 793, and is not unconstitutional in so providing. Calderon v. Tobin, 1951, 88 U.S.App.D.C. 134, 187 F.2d 514. The district court was accordingly without jurisdiction to review the administrative order denying the plaintiff's claim, if that is the relief he seeks. And in any

event the district court was without jurisdiction of the persons of the defendants for they were not served in the district of New Jersey. Moreover the venue was improperly laid in that district since the official residence of the defendants is in the District of Columbia.

The judgment of the district court will be affirmed.