**Edith BLANC, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 369, Docket 24123.**

United States Court of Appeals Second Circuit.

Argued May 7, 1957.

Decided May 28, 1957.

---

3. Cf. Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Holchak v. Clark, Tex.Civ.App., 284 S.W.2d 399.

Aaron Nussbaum, Brooklyn, N. Y., for appellant.

George Cochran Doub, Asst. Atty. Gen., Leonard P. Moore, U. S. Atty., Melvin Richter, and Herbert E. Morris, Washington, D. C., for appellee.

Before CHASE, HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

■ The appellant claimed benefits for herself and for her minor children under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., based on her contention that the death of her husband, who was a railway mail clerk in the Postal Transportation Service of the United States Post Office Department, was proximately caused by the performance of his duties while in the employ of the government. On December 17, 1950, while in Syracuse, N. Y., on what is called travel status he became ill and died two days later from what was diagnosed as acute anterior poliomyelitis.

Following the administrative denial of her claim, the appellant brought this suit for a declaratory judgment and for what she calls equitable relief which would amount to a review of the agency proceedings and a reversal of the decision. Her complaint was dismissed for lack of jurisdiction and she has appealed.

■ We find no merit in the appeal. The relief to which the appellant is entitled is no more than the enforcement of her claim made for benefits under the Federal Employees' Compensation Act. The Tucker Act, 28 U.S.C. § 1346(a) (2), gives the district court no jurisdiction to enforce such a claim. The consent of the United States to be sued under the Tucker Act is limited to suits for the recovery of a money judgment and any incidental relief in equity in aid of such a judgment. United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; Clay v. United States, 93

U.S.App.D.C. 119, 210 F.2d 686; Lynn v. United States, 5 Cir., 110 F.2d 586. Nor does Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, confer jurisdiction where, as here, review by the courts of administrative action is expressly and clearly prohibited. Ford v. United States, 5 Cir., 230 F.2d 533.

This prohibition, which is found in Section 42 of the Act, 5 U.S.C.A. § 793, provides that administrative action under the statute in allowing or denying beneficial payments " * * * shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review * * * by any court by mandamus or otherwise * * *." It follows that the dismissal of the complaint for want of jurisdiction was without error.

■ At least since United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 and Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, it has been well settled that, when the government creates the right to assert a claim against it, it need not provide for a judicial remedy. That applies aptly to allowances to federal employees under this statute which are grants which Congress could make to beneficiaries who would be determined in whatever way it saw fit to provide. Calderon v. Tobin, 88 U.S.App.D.C. 134, 187 F.2d 514, certiorari denied 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363; Hancock v. Mitchell, 3 Cir., 231 F.2d 652. It saw fit, without creating a right to sue the government or to court review of agency action, to provide for the allowance of compensation benefits promptly to those employees of the government which a specially constituted agency determined were within the statutory category. Dahn v. Davis, 258 U.S. 421, 431, 42 S.Ct. 320, 66 L.Ed. 696.

■ Though it may be informal, agency action which amounts to a genuine, fair consideration of a claim for benefits and not merely an arbitrary flouting of it, satisfies constitutional requirements and precludes further court review. The appellant appeared by her attorney at the hearing before the Appeals Board. Its decision and order as filed contains a comprehensive statement of the facts and of its plausible reasons for the affirmance of the denial of the claim. By no stretch can it be fairly said that its action was arbitrary or capricious.

Since the court was without jurisdiction over the subject matter, we will not stop to consider any question of improper venue due to lack of indispensable parties.

Affirmed.