**C. M. WELLS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 16660.

United States Court of Appeals
Ninth Circuit.

July 1, 1960.

Leavy & Taber, Pasco, Wash., for appellant.

Perry W. Morton, Asst. Atty. Gen., Dale M. Green, U. S. Atty., Spokane, Wash., Roger P. Marquis, Robert S. Griswold, Jr., Attys., Dept. of Justice, Washington, D. C., for appellee.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

Appellant is lessee of government owned land acquired in connection with an Atomic Energy Commission (hereafter A.E.C.) installation, and, as required by the lease, he has constructed a building on said land. The term of the lease expires the year 2070, with an option to renew. The A.E.C. has offered the leased property for sale. Under the terms of the Atomic Energy Community Act of 1955, as amended, 69 Stat. 472, 42 U.S.C.A. § 2301 et seq., which governs the proposed sale by the A.E.C., lessees are to be given a prior right to purchase the property they have leased and an "improvement credit" is to be given them and deducted from the purchase price. 42 U.S.C.A. §§ 2326, 2332. The deduction allowed is the amount by which the property has been increased in value by improvements made by the lessee at his expense. Appellant has been afforded the prior right to purchase the leased property, but a controversy arose between him and the A.E.C. as to what

comprised the improvements for which he was entitled to a credit, appellant claiming that the long term lease itself was such an improvement. The A.E.C. thereupon convened a special Appeal Board, as is provided by its regulations, to consider appellant's claim. A hearing was had in which appellant appeared before the Board represented by counsel. Thereafter, the Board denied his claim. Appellant then caused a complaint to be filed in the United States District Court for the Eastern District of Washington, Southern Division, praying for a declaratory judgment. The district court dismissed the action because it was against the United States and was a suit to which it had not consented. It is conceded that the action is against the United States. The remaining question is: Has the United States given its consent? We conclude that it has not.

■ The Declaratory Judgment Act, 28 U.S.C.A. § 2201, upon which appellant relies as the basis for the relief sought herein, provides as follows:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

It is well settled, however, that said Act does not of itself create jurisdiction; it merely adds an additional remedy where the district court already has jurisdiction to entertain the suit. See Brownell v. Ketcham Wire & Manufacturing Co., 9 Cir., 1954, 211 F.2d 121. It is appellant's theory that the Tucker Act, 28 U.S.C.A. § 1346(a) (2), authorizes the present suit against the United States. That Act in relevant part reads:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

This Act does not give consent to suits where only declaratory or other equitable relief is sought. It applies only to suits for recovery of money damages. United States v. Jones, 1889, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; Blanc v. United States, 2 Cir., 1957, 244 F.2d 708, certiorari denied 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79; Clay v. United States, 1953, 93 U.S.App.D.C. 119, 210 F.2d 686.

■■ In the instant case, Congress gave appellant a "bounty" in that it afforded him a prior right to purchase the land covered by his lease and in addition allowed a deduction from the sales price of the value of any improvements he had made "When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. \* \* \* It may limit the individual to administrative remedies." Lynch v. United States, 1934, 292 U.S. 571, 583, 54 S.Ct. 840, 845, 78 L.Ed. 1434. It is evident that Congress so intended to limit the remedy of individual lessees with respect to rights the Atomic Energy Community Act creates. The purpose of Congress in enacting the provisions in said Act dealing with the disposal of property was to provide for expeditious and orderly sales by giving the A.E.C. authority to administer them. Judicial review of A.E.C. determinations would defeat that goal. Section 2309 of Title 42 U.S.C.A. reads:

"Determinations authorized by this chapter to be made by the Commission as to classification, priorities, prices, and terms and condi-

tions of sale of property disposed of under this chapter shall be subject to review only in accordance with such provisions for administrative review or reconsideration as the Commission may prescribe."

No provision appears which authorizes judicial review of determinations made by the Commission. We conclude that the full hearing before the Board of Appeals convened by the Commission exhausted appellant's remedies.

Judgment affirmed.