John SODERMAN, Appellant,

v.

UNITED STATES CIVIL SERVICE COMMISSION, Appellee.

No. 18196.

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1962.

Certiorari Denied April 15, 1963.

See 83 S.Ct. 1089.

John Soderman, in pro. per.

Cecil F. Poole, U. S. Atty., and Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and CROCKER, District Judge.

PER CURIAM.

Appellant, acting as his own attorney, filed a complaint in the court below designated an action for personal injuries. He claims large damages arising from an injury which he says that he sustained on August 19, 1929 while employed by the United States as a civil service employee. The complaint shows that he has received compensation under the Federal Employees' Compensation Act of September 7, 1916, 39 Stat. 742, as amended, (5 U.S.C. §§ 751–795). Further compensation was denied by a decision of the Compensation Appeals Board on November 19, 1953. Although it is difficult to determine precisely what relief appellant seeks, he speaks of declaratory relief, equitable relief and other relief. The trial judge entered an order dismissing the action and denying the motion.

The action of the trial judge was correct for two reasons:

1. The sole defendant in this action is the United States Civil Service Commission. That Commission is not a corporate entity which Congress has authorized to be sued, and an action against it will not lie. (Blackmar v. Guerre, 1952, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534).

2. The Federal Employees' Compensation Act expressly provides:

> "The action of the Secretary or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by any other official of the United States or by any court by mandamus or otherwise." (5 U.S.C. § 793.)

It has been held that the Act provides the sole remedy of an employee against the United States for injuries such as are here involved. (See Dahn v. Davis, 1922, 258 U.S. 421, 42 S.Ct. 320, 66 L. Ed. 696). It has also been repeatedly held that Congress, in granting to government employees a right to compensation from the United States, can validly provide that the administrative remedy is exclusive, and that the decision of the administrative body is not subject to review by the courts. (Calderon v. Tobin, 1951, 88 U.S.App.D.C. 134, 187 F.2d 514, cert. denied, 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363; Blanc v. United States, 2 Cir., 1957, 244 F.2d 708, cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L. Ed.2d 79; Rivera v. Mitchell, 1957, 100 U.S.App.D.C. 335, 244 F.2d 783, cert. denied, 355 U.S. 862, 78 S.Ct. 94, 2 L.Ed. 2d 68; Hancock v. Mitchell, 3 Cir., 1956, 231 F.2d 652; see also United States v. Babcock, 1919, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011; Lynch v. United States, 1934, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434; Hahn v. Gray, 1953, 92 U.S.App.D.C. 188, 203 F.2d 625). Nor does the Administrative Procedure

Act assist appellant. It is not applicable where, as in this case, statutes preclude judicial review. (5 U.S.C. § 1009; Blanc v. United States, supra.)

Affirmed.