**Henry GOLD, Morton Merron et al., Plaintiffs,**

v.

**John W. MACY, Jr., L. S. Andolsek and Robert B. Hampton, as Commissioners, constituting the United States Civil Service Commission, Defendants.**

No. 64–C–653.

United States District Court
E. D. New York.

Oct. 16, 1964.

Samuel Resnicoff, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendants, George L. Barnett, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

Pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, the defendants move for an order dismissing the complaint for lack of jurisdiction over the subject matter.

The plaintiffs cross move for summary judgment in their favor, pursuant to Rule 56(a).

### THE DEFENDANTS MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER

On such a motion the well pleaded facts of the complaint are regarded as admitted, as distinguished from legal conclusions. McCleneghan v. Union Stock Yards Co. of Omaha, 8 Cir., 298 F.2d 659, 662. This is not a motion under Rule 12 (b) (6) F.R.C.P. to dismiss the complaint for failure to state a claim upon which relief can be granted and which may be treated as a motion for summary judgment.

## THE SUBSTANCE OF THE COMPLAINT

The plaintiffs allege that they are permanent employees of the United States Government, occupying competitive positions in the classified civil service; that the defendants, constituting the United States Civil Service Commission, have failed and refused to recognize plaintiffs' employment as creditable for retirement under the Civil Service Retirement Act and that the plaintiffs' cause of action herein arises from an adverse determination made by defendants, employees of the United States and an agency thereof, affecting plaintiffs as civilian Government employees.

The plaintiffs seek a reversal of the alleged determination by said Commission and a ruling that their employment be creditable for retirement purposes.

## THE DEFENDANTS' CONTENTION

The principal ground of the defendants' motion is that this Court has no jurisdiction to review plaintiffs' claims in that the plaintiffs have failed to exhaust their administrative remedies of appeal to the Board of Appeals and Review of the United States Civil Service Commission.

## THE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

In F.P.C. v. Colorado Interstate Gas Co., 348 U.S. 492, 500, 75 S.Ct. 467, 99 L.Ed. 583, it was held that a party is precluded from judicial review if he has not exhausted his administrative remedies.

An appeal may be taken to the Civil Service Commission's Board of Appeals and Review from the original order or action affecting the rights or interest of any person under the Civil Service Retirement Law. See 41 Stat. 616, Section 4; 46 Stat. 478, Section 17; 5 U.S.C. § 709; Executive Order 6670 of April 7, 1934 and 5 CFR 1939 ed., Section 53.

The complaint contains no allegation that an appeal or appeals were taken by the plaintiffs. They contend that under the circumstances appeal was un-necessary, also that appeal is permissive, not mandatory. In general, appeals are not mandatory. They do, however, constitute remedies, available to unsuccessful applicants.

Accordingly, the defendants' motion is granted. Under these circumstances, the plaintiffs' motion is rendered moot.

Settle order on notice.