**UNITED STATES of America,**
**Plaintiff,**

v.

**Fred HAYES, Defendant.**

**Civ. A. No. 2042.**

United States District Court
W. D. Kentucky,
at Owensboro.
March 21, 1966.

---

14. See note 9 supra. Cf. Ellis v. Smith Transfer Corp., 24 A.D.2d 871, 264 N.Y.S. 2d 414 (2d Dept.1965).

15. Supra.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for plaintiff.

Nathan B. Cooper, Owensboro, Ky., for defendant.

BROOKS, Chief Judge.

The plaintiff, United States of America, filed a Motion for Summary Judgment in this action on August 5, 1965. Memorandum in Support of Said Motion was filed by the plaintiff and the defendant has filed an objection to the Motion for Summary Judgment. The plaintiff's motion asked for judgment in the sum of $9,696.30. However, since the filing of this motion, the plaintiff has conceded that the defendant should be given credit for $345.00 for medical expenses paid to Dr. Canter. The plaintiff now requests judgment in the amount of $9,351.30.

The court has jurisdiction of this action under Section 1345 of Title 28, United States Code.

The defendant in this action was an employee of the United States on January 16, 1962 when he was injured at the Paradise Steam Plant in Drakesboro, Kentucky. The injury consisted of a lumbo-sacral strain and herniated intervertebral disc. Compensation payments were made to defendant in the amount of $11,137.64 under the Federal Employees' Compensation Act. The defendant was paid $1,134.58 in medical expenses and $10,003.06 in disability payments. Compensation was withheld on October 2, 1963 after the defendant settled his personal injury claim with Interstate Roofing Company in the amount of $22,000.00. Upon settlement of his third party action for $22,000.00 and after deduction of reasonable expenses and attorneys fees, there remained a balance of $9,351.30 due the United States. Demand was made on the defendant to reimburse the compensation fund but he has refused to do so.

Under the Federal Employees' Compensation Act, the rights of a beneficiary are governed exclusively by the statutory provisions and the regulations promulgated thereunder. Louisville & Nashville R. R. Co. v. Rochelle, 252 F.2d 730 (6th Cir. 1958). That section of the Act which addresses itself to reimbursement (39 Stat. 747, 5 U.S.C. § 777) provides in pertinent part, as follows:

"* * * That if an injury or death for which compensation is payable under this Act is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result *of a settlement* made by him or on his behalf, any money or other property in satisfaction of the liability * * * such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole *or part, he shall refund to the United States the amount of compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury. * * *"

"Compensation" is defined in the Act (39 Stat. 750, 5 U.S.C. 790(h)) to include the "money allowance payable to an employee or his dependents *and any other benefits* paid for out of the compensation fund * * *." Hence, an employee is required to reimburse the Bureau of Employees' Compensation for medical bills paid on his behalf. United States v. Bettis, 39 F.Supp. 160 (S. D.Calif.1941).

The Regulations of the Department of Labor (20 C.F.R. 3.4(a) (b) (c)) supplement the above cited portion of the Act by providing:

"(a) If an attorney is employed, a reasonable attorney's fee and cost of collection, if any, shall first be de-

ducted from the gross amount of the settlement;

"(b) There shall then be remitted to the Bureau the full amount of compensation which has been paid on account of the injury, which shall include payments made on account of medical or hospital treatment, funeral expense, and any other payments that have been made by the Bureau on account of the injury or death;

"(c) Any surplus then remaining may be retained by the injured employee or his dependents, and the net amount of damages received by the beneficiary shall be credited against future payments of compensation to which the beneficiary may be entitled under the said act on account of the same injury."

The language of the Act is unambiguous and concise, and the words must be given their "common sense interpretation." United States v. Crystal, 39 F.Supp. 220 (N.D.Ohio 1941).

It is, therefore, clear from the wording of the statute that the defendant in the instant case, upon settlement of his personal injury claim, was obliged to make immediate reimbursement to the United States.

In one of the earlier cases dealing with reimbursement, Hines v. Dahn, 267 F. 105, 113 (8th Cir. 1920) affirmed 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696 (1922), the court was of the opinion that an employee can obtain no personal benefits from a recovery against a third party tort-feasor, when it stated:

"It plainly appears from the statute (speaking of Section 27 of the Federal Employees' Compensation Act) that whether the employé assigns his cause of action against a person other than the United States to the United States, and the same is prosecuted by said commission, or whether the employé prosecutes the cause of action himself, the employé gains nothing, but the whole recovery after deduction of the expense of litigation either goes into the compensation fund out of which employés are paid, or is retained by the employé and the amount thereof is credited to the United States on future payments."

■ Defendant claims that the monies recovered in this settlement represent damages for pain and suffering, "which is not compensable under the Federal Employees' Compensation Act." The statute, however, provides that from any amount received the beneficiary "shall refund to the United States the amount of compensation which has been paid by the United States * * *." This language is clear and unambiguous, and makes no provision for the segregation or division of damages. The defendant's claim is without merit.

■ The defendant also maintains in the same paragraph that the United States waived its right to reimbursement by its failure to take an assignment from the defendant. A reading of Title 5 U.S. C.A. Section 776 does provide for an assignment of a right of action to the United States, *at the latter's option*. Failure by the United States to request or to take an assignment, however, in no way limits its right to reimbursement. Hines v. Dahn, supra.

■ The defendant contends that since the United States did not intervene in defendant's third party action, it is "inequitable" to have the defendant bear the entire legal costs. It is specifically provided in Title 5, U.S.C. Section 776 that either the employee shall assign his right of action to the United States *or* the Government shall require the beneficiary to prosecute the action in his own name. There is no provision for intervention by the United States in a third party proceeding. With regard to legal costs, Section 27 makes adequate provision for reasonable attorney's fees and costs to be paid from the third party damage recovery which was done in this case. The Act, however, does not pro-

vide for or authorize the payment of separate legal fees by the United States.

The defendant in this cross claim contends that he was totally disabled on October 2, 1963 and is now totally disabled, and will continue to be totally disabled in the future, and that he is entitled to total disability compensation payments from October 3, 1963 until the date of his death. He asserts the claim for payments of total disability against the United States. These same allegations are set forth in his answer by way of set-off. Title 5, U.S.C., Section 793, page 418 provides:

"The action of the Secretary or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by any other official of the United States, or by any court by mandamus or otherwise, and credit shall be allowed in the accounts of any certifying or disbursing officer for payments in accordance with such action."

It has been held that this Act vest exclusive jurisdiction with the Secretary or his designees. In the case of Blanc v. United States, 244 F.2d 708 (2nd Cir. 1957) (cert. denied) it was stated:

"[I]t has been well settled that, when the government creates the right to assert a claim against it, it need not provide for a judicial remedy. That applies aptly to allowances to federal employees under this statute which are grants which Congress could make to beneficiaries who would be determined in whatever way it saw fit to provide. Calderon v. Tobin, 88 U.S.App.D.C. 134, 187 F.2d 514, certiorari denied 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363; Hancock v. Mitchell, 3 Cir., 231 F.2d 652. It saw fit, without creating a right to sue the government or to court review of agency action, to provide for the allowance of compensation benefits promptly to those employees of the government which a specially constituted agency determined were

within the statutory category. Dahn v. Davis, 258 U.S. 421, 431, 42 S.Ct. 320, 66 L.Ed. 696."

The defendant through his counter-claim and set-off is requesting this Court to determine his degree of disability from October 3, 1963. This is a matter that Congress has vested in the Secretary and his designees, and this Court is without jurisdiction to make such a determination.

It appears from the pleadings and affidavits that there is no genuine issue as to any material fact. It is, therefore, ordered and adjudged that the plaintiff recover of the defendant the sum of $9,351.30 and its costs and that the counter-claim and set-off of the defendant be dismissed.