107 N.J. Super. 582 (1969)
259 A.2d 714
MARION EDWARDS SAMUEL, PLAINTIFF-RESPONDENT,
v.
CARRIE McDANIEL (ALSO KNOWN AS CARRIE SAMUEL), DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1969.
Decided December 4, 1969.
*583 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Hymen B. Mintz argued the cause for appellant.
Mr. John C. Howell argued the cause for respondent (Messrs. Moore & Howell, attorneys).
*584 The opinion of the court was delivered by LEWIS, J.A.D.
Defendant Carrie McDaniel, also known as Carrie Samuel, appeals from judgments of the Superior Court, Chancery Division, Matrimonial Part, which respectively declared that (1) the 1955 State of South Carolina divorce decree granted to Henry Samuel, now deceased (herein Henry), from plaintiff Marion Edwards Samuel is null and void in New Jersey, and (2) plaintiff is entitled to an accounting for $4,339.49, United States Civil Service lump-sum retirement benefits, and $17,819, federal workmen's compensation benefits, which were paid to defendant as the widow of decedent.
Plaintiff challenges the foreign divorce and maintains that she is entitled to all government payments made to defendant as the widow of decedent.
These are the relevant facts. Henry and plaintiff were married in 1940 at Newark and established a marital residence in that city. No children were born of that union. Subsequently, Henry and defendant, a next-door neighbor, engaged in extramarital relations, and defendant bore him two children. In 1944 plaintiff moved with the assistance of her husband to Connecticut, where she has resided since that time. Henry, however, immediately returned to Newark and took up residence with defendant; in all they parented five children, one of whom died. It is plain from the record that plaintiff was aware that Henry and defendant cohabited as husband and wife and that they were raising a family.
In 1954, after the birth of the fourth child, Henry sued plaintiff for divorce in Colleton County, South Carolina, alleging the requisite one-year residency requirement. Plaintiff was not served with process in those proceedings nor was she given any notice thereof except by publication in a South Carolina newspaper. The final decree of divorce was entered in 1955, and then Henry and defendant were ceremoniously married in Newark.
*585 On May 17, 1960 Henry sustained a mortal injury in the course of his employment, as a civilian, by the United States Air Force.
The instant proceedings were commenced May 22, 1963. The trial court found that plaintiff had no knowledge of the South Carolina divorce, nor of the subsequent marriage at Newark, until after the death of Henry. Hence, neither laches nor estoppel could be asserted to preclude her from challenging the jurisdiction of South Carolina to grant the divorce decree. Cf. Lawler v. Lawler, 2 N.J. 527, 535 (1949).
Since the facts reveal that Newark was the domicile of Henry at all times after 1940, this State is not required to give full faith and credit to the South Carolina divorce. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Lea v. Lea, 18 N.J. 1, 7 (1955); Tonti v. Chadwick, 1 N.J. 531, 535 (1949); cf. Meeker v. Meeker, 52 N.J. 59, 70 (1968). Therefore, the divorce issue raised by the pleadings was properly disposed of by the trial judge.
We turn now to the money judgment. In February 1961 defendant, as the alleged surviving widow of Henry, received $4,339.49 from the Bureau of Retirement and Insurance, United States Civil Service Commission, in "full payment of the lump-sum benefit due under the Civil Service Retirement Law."
In 1962 plaintiff applied for such death benefits and, on February 13, 1963, she was informed by the Bureau that her application had been disallowed. On the same day her attorney was advised that his client's case had been reviewed and, after noting the South Carolina divorce, the agency letter stated: "In the absence of a decision by a court of competent judisdiction setting aside such divorce before settlement of the claim, the Commission has no alternative but to accept the divorce decree as valid. Accordingly, payment was properly made to Carrie Samuel as the legal widow of Henry Samuel."
*586 No administrative appeal was taken from the determination of the Bureau, and no proceedings were instituted by plaintiff in South Carolina to set aside the divorce that had been granted in that state. Furthermore, 5 U.S.C.A. § 8347, "Administration; regulations," provides in part:
(c) The Commission shall determine questions of disability and dependency arising under this subchapter. The decisions of the Commission concerning these matters are final and conclusive and are not subject to review. * * *
In Gold v. Macy, 234 F. Supp. 764 (E.D.N.Y. 1964), there was a proceeding wherein plaintiffs sought reversal of a determination by the Federal Civil Service Commission. Defendants (commissioners) prevailed on a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The court observed that an appeal may be taken to the Commission's Board of Appeals and Review from the original order or action affecting the rights or interest of any person under the Civil Service Retirement Law, citing 41 Stat. 616, § 4; 46 Stat. 478, § 17; 5 U.S.C.A. § 709; Executive Order 6670 of April 7, 1934 and 5 C.F.R. (1939 ed.), § 53. Compare 5 C.F.R. §§ 831.107, 831.1111 (1969). Plaintiffs made no allegation in their complaint that an appeal had been taken, but contended that it was unnecessary, also that an appeal is permissive, not mandatory. The court held, "In general, appeals are not mandatory. They do, however, constitute remedies, available to unsuccessful applicants." 234 F. Supp., at 765. Cf. Cerrano v. Fleishman, 339 F.2d 929, 930 (2 Cir. 1964), cert. den. 382 U.S. 855, 86 S.Ct. 106, 15 L.Ed.2d 93 (1965); Lech v. United States, 409 F.2d 252, 255, 187 Ct. Cl. 471 (1969).
A similar problem is posited with respect to the $17,819 workmen's compensation benefits paid to defendant pursuant to an award by the Bureau of Employees' Compensation, United States Department of Labor, entered January 26, 1961. Apparently plaintiff never filed with that agency an *587 application for compensation benefits notwithstanding the congressional requirement that any such claim "for death shall be made within 1 year after the death." 5 U.S.C.A. § 8122(a)(1).
Moreover, 5 U.S.C.A. § 8128 (formerly 5 U.S.C.A. §§ 787, 793) provides for a review of an award stating that:
(a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may 
(1) end, decrease, or increase the compensation, previously awarded; or
(2) award compensation previously refused or discontinued.
(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is 
(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise. [Emphasis added]
Pertinent decisional law has established that federal compensation awards ordinarily cannot be disturbed by the judiciary. See Calderon v. Tobin, 88 U.S. App. D.C. 134, 187 F.2d 514, cert. den. 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363, rehearing denied 342 U.S. 843, 72 S.Ct. 22, 96 L.Ed. 637 (1951); Teplitsky v. Bureau of Compensation U.S. Dept. of Labor, 288 F. Supp. 310 (S.D.N.Y.), aff'd o.b. 398 F.2d 820 (2 Cir.), cert. den. 393 U.S. 943, 89 S.Ct. 311, 21 L.Ed.2d 280 (1968). In Calderon there were three putative wives competing for benefits. The Appeals Board determined which claim was meritorious. Its decision was affirmed by the court in an opinion which noted:
The federal employees' compensation allowances are grants by the Congress, and the agents of the Congress have power to determine the recipients of such grants. If Congress chose to preclude judicial review of the selection of the objects of its bounty, it could do so. [187 F.2d, at 516]
*588 Thus viewed it is plain that plaintiff did not exhaust her administrative remedies. See FCC v. Schreiber, 381 U.S. 279, 296-297, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965); cf. Matawan Borough v. Monmouth Cty. Tax Bd., 51 N.J. 291, 296 (1968). See also Davis, Administrative Law, § 20.01, p. 56 (1958).
This is not a case for the application of the doctrine of constructive trusts, equitable restitution or the principle of unjust enrichment. Parenthetically we note that counsel should have called to the attention of the trial judge the above federal statutes and decisions and they should have been discussed in the respective briefs filed on appeal.
The judgment of the trial court declaring the South Carolina divorce to be of no force and effect in New Jersey is affirmed. The judgment requiring defendant to pay to plaintiff the moneys received from the United States Government by reason of Henry's death is reversed. No costs.