**Deion L. TURNER, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE–CHICAGO POST OFFICE, A. C. Morgan, and Clifford Lindsay, Defendants.**

**No. 83 C 4437.**

United States District Court,
N.D. Illinois, E.D.

June 19, 1984.

Deion L. Turner, pro se.

Dan K. Webb, U.S. Atty. by Mary Anne Mason, Asst. U.S. Atty., Gregg R. Sackrider, Sr. Asst. Regional Labor Counsel, U.S. Postal Service, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Following plaintiff's discharge from the United States Postal Service, Deion L. Turner submitted his grievance to the Merit Systems Protection Board ("MSPB"). The Union also took Turner's grievance to arbitration. He lost on both appeals.

Turner now claims, under 39 U.S.C. § 1208(b), that his discharge from the position of Postal Service Mail Handler was in violation of the applicable collective bargaining agreement because it was not for just cause. Turner also makes a complaint concerning his worker's compensation claim. Finally, Turner brings this action against two of his Postal Service supervisors. For the reasons stated below, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

The following facts are alleged in Turner's complaint. For purposes of this motion, the Court assumes they are true.

## I. FACTS

Defendants are the United States Postal Service—Chicago Post Office (USPS) and two of its supervisors. Plaintiff is Deion L. Turner, a former employee of USPS.

Defendant discharged Turner because of his absence from assigned duty from February 13, 1982 to June 15, 1982. Turner claims USPS gave permission for his absence, due to an employment related injury, making the discharge unjustified. Turner claims to have written permission to be absent from February 13, 1982 to March 13, 1982. He claims that USPS made no offer of work from March 13, 1982 to April 13, 1982. Turner also received a diagnosis declaring him unfit for employment from the physician for the Office of Worker's Compensation Program (OWCP) for the period from March 22, 1982 to August 20, 1982.

After USPS discharged Turner, labeling him AWOL from duty, Turner began a dual appeal whereby Turner submitted his grievance to the MSPB and the Union submitted his grievance to arbitration. After losing on both appeals, plaintiff sought judicial review in this Court, rather than following the MSPB's direction pursuant to 5 U.S.C. § 7703 to seek judicial review by filing an action in the United States Court of Appeals for the Federal Circuit.

## II. DISCUSSION

■ Plaintiff's claims were never heard on the merits because he did not follow proper procedure. An employee of USPS must elect to either pursue his grievance under the contract or appeal the matter to the MSPB. Article 15 of the collective bargaining agreement between the Postal Service and the Union does not allow for dual appeals beyond step 3 of the grievance-arbitration procedure. Turner chose to appeal to the MSPB, causing the arbitrator, in accordance with Article 15, to rule that Turner could not proceed in the grievance-arbitration procedure. There is no statute of limitations for review of the arbitrator's ruling, but the Court in *UPS v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), adopted a 90-day period in which cases similar to Turner's could be reviewed. In this case, Turner waited over six months to file his complaint in this Court. The arbitrator's award was issued January 18, 1983, yet the 1208(b) action was not filed until June 28, 1983. Turner's complaint seeking review of the arbitrator's decision, therefore, is untimely.

■ Turner's other administrative appeal failed because the MSPB ruled that it had no jurisdiction to hear plaintiff's claim because Turner did not have a veteran's preference which would entitle him to appeal a discharge action. Rather than seeking judicial review in the appropriate forum, the United States Court of Appeals for the Federal Circuit, Turner chose this Court. Section 7703 establishes the jurisdiction of the Federal Circuit to review MSPB claims, not this Court.

■ Turner's claim for review of his worker's compensation claim must also be denied. Congress, in establishing a federal employee's exclusive right to worker's compensation, specifically precludes review "by another official of the United States or by a court." 5 U.S.C. § 8128(b). This statute is supported by case law. *Blanc v. United States*, 244 F.2d 708 (2nd Cir.1957).

■ In *Bush v. Lucas*, 462 U.S. 369, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court held that where a federal employee has available administrative remedies whereby he can dispute a grievance, he cannot sue his supervisors. Here, Turner had administrative options. The Union could take the grievance to arbitration; Turner could appeal to the MSPB, or in the event he was unsuccessful, Turner had the option of submitting an appeal to the Court of Appeals for the Federal Circuit. Since these remedies were available to him, Turner cannot sue his supervisors in this Court.

## CONCLUSION

This Court has no jurisdiction to hear plaintiff's claims. Turner's complaint seeking review of the arbitrator's decision is untimely, since he waited over six months

**132**

to file his complaint in this Court. The MSPB ruling is properly reviewed in the Federal Court of Appeals, not this Court. Congress has specifically precluded review of federal worker's compensation claims by a court, allowing the final decision of the Secretary of Labor to stand. Finally, because Turner had administrative remedies available, he is precluded from bringing an action against his supervisors in this Court. Accordingly, defendants' motion to dismiss is granted.

IT IS SO ORDERED.