William Clabault, Asst. U.S. Atty., Chicago, Ill., for defendants.

**Theodore A. MESSNER, Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE, United States Post Office, Morton Grove, Illinois, Defendants.**

**No. 89 C 3617.**

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1989.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Theodore Messner filed this action against the United States Postal Service and the United States Post Office of Morton Grove, Illinois ("Post Office"). Plaintiff seeks recovery for employment discrimination and for various alleged violations of his constitutional rights. The Post Office has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of subject matter jurisdiction and Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons given below, we grant the defendants' motion.

### Background

Theodore Messner was a window clerk at the post office in Morton Grove, Illinois. His primary duty was selling stamps to the public. On June 16, 1988, Messner was

issued a notice of removal for failing to account for postal funds.

Messner was originally investigated after Postal Inspectors discovered a $2,500 deficit in his cash drawer. During the course of the investigation, Messner admitted to misappropriating postal funds. Specifically, he admitted to "borrowing" $10 from his cash drawer and taking money for coffee on several occasions. As a result of his inability to account for the deficit in his accountability and his admission to pilfering postal funds, the Post Office decided to discharge Messner.

Following receipt of the removal notice, Messner filed a "step one" grievance, pursuant to the procedures established in his collective bargaining agreement. On June 30, 1988, this grievance was denied, and Messner's discharge was upheld.

The American Postal Workers Union appealed Messner's grievance to "step two" of the grievance procedure. On July 14, 1988, the postmaster of the Morton Grove post office denied this appeal. Messner resigned his position on July 21 and declined to appeal his grievance to the next level.

On March 20, 1989, Messner filed a request for reinstatement with the Morton Grove postmaster. This request was denied on March 25, 1989.

Messner filed this suit on May 3, 1989. He alleges the discharge and decision to deny reinstatement were based on age and sex discrimination. In addition to the Title VII claims, he also alleges violations of 42 U.S.C. §§ 1981 and 1985, the First and Fourteenth Amendments of the Constitution, the due process clause and the equal protection clause.

### Discussion

The Post Office launches a three-pronged attack on Messner's complaint First, the Post Office asserts that its grievance procedure does not violate the due process clause. Second, it argues that Messner's failure to pursue his grievance mandates dismissal of his constitutional claims and §§ 1981 and 1985 claims. Finally, the Post Office argues that Messner's employment discrimination claims should be dismissed because he has failed to exhaust his administrative remedies.

■ The Seventh Circuit has found that the postal service grievance procedure satisfies due process requirements. In *Winston v. United States Postal Service*, 585 F.2d 198 (7th Cir.1978), the plaintiff attempted to argue that the grievance procedure violated due process. The Seventh Circuit determined that the procedure adequately safeguarded the rights of postal employees; "we hold that the grievance procedures adopted for non-preference-eligible postal employees by USPS and the Union do not violate the due process clause of the Fifth Amendment." *Id.* at 210. *See also Ellis v. United States Postal Service*, 784 F.2d 835, 840 (7th Cir.1986). Given this controlling authority, we reject Messner's claim that his due process rights were violated.

■ The Post Office argues that Messner's constitutional tort and §§ 1981 and 1985 claims should be dismissed because he failed to pursue his remedies under the postal service grievance procedure. In support of this argument, the Post Office cites a number of cases in which courts have refused to allow federal employees to circumvent statutorily authorized grievance procedures.

In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court held that a federal employee could not bypass civil service remedies and institute a First Amendment action in federal court. Bush, the plaintiff, had been demoted after making derogatory statements about his employer, the National Aeronautics and Space Administration. Bush filed an action in federal court, claiming that the demotion violated rights guaranteed to him by the First Amendment.

The Court concluded that Bush was sufficiently protected by the civil service scheme, and that it would not augment this remedial system with the creation of a new judicial remedy. *Id.* 103 S.Ct. at 2417. The Court explained that it would not disturb the legislative determination that the civil service system was adequate to pro-

tect the rights of federal employees. "Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provision forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed." *Id.* 103 S.Ct. at 2415.

In *Ellis v. United States Postal Service,* 784 F.2d 835 (7th Cir.1986), the Seventh Circuit applied *Bush* to a case involving the postal service grievance procedures. The plaintiffs sought relief in federal court for alleged violations of 42 U.S.C. §§ 1981, 1985, Title VII, the Age Discrimination in Employment Act and the due process clause. The Court explained that "[s]ince the Congress expressly authorized the adoption of final and binding grievance provisions in Postal Service collective bargaining agreements, 38 U.S.C. § 1206(b), and since the particular collective bargaining agreement between the Postal Service and the employee's union establishes a multistep procedure which culminates in binding third party arbitration ... we are unable to determine how this system is less adequate than the one in *Bush.*" *Id.* at 840. *See also Winston v. United States Postal Service,* 585 F.2d 198 (7th Cir.1978); *Turner v. U.S. Postal Service–Chicago Post Office,* 586 F.Supp. 129 (N.D.Ill.1984).

The plain message of both *Bush* and *Ellis* is that a federal employee protected by a procedurally adequate grievance procedure cannot bypass this procedure by filing his employment related claims in federal court. In the present case, Messner decided not to pursue his grievance after he was unsuccessful in the first two steps of the procedure. His failure to exercise his full rights under the statutorily approved grievance procedure precludes him from seeking relief in this Court.

The Post Office also argues that Messner's employment discrimination claims should be dismissed because he failed to exhaust his administrative remedies. It is a fundamental rule of Title VII jurisprudence that "exhaustion of administrative remedies is a prerequisite for bringing an action in federal court." *Sims v. Heckler,*

725 F.2d 1143 (7th Cir.1984). *See also Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *McGuiness v. United States Postal Service,* 744 F.2d 1318 (7th Cir.1984). However, Messner seeks initial consideration of his employment discrimination claims in this Court. Accordingly, we agree with the Post Office and find that Messner's failure to pursue his administrative remedies precludes him from seeking relief under Title VII or the ADEA.

Messner does not dispute the validity of the arguments advanced by the Post Office. Instead, he asks us to exercise our equity jurisdiction and overlook the legal deficiencies of his action. Messner claims that equitable jurisdiction is warranted because he has not had an adequate opportunity to litigate his claims. However, we cannot reject an overwhelming body of judicial and legislative authority that stands for the proposition that the postal service grievance procedure provides an adequate means of relief. Messner's own failure to pursue his grievance precludes this action.

### Conclusion

For the foregoing reasons, we grant the motion of the United States Postal Service and the United States Post Office of Morton Grove, Illinois, to dismiss the complaint. It is so ordered.