In re Raymond L. DIXON.

No. C2–90–CV–945.

United States District Court, S.D. Ohio, E.D.

Sept. 25, 1991.

Mark Anthony Ditullio, Columbus, Ohio, for plaintiff, appellant.

Jeffrey Paul Hopkins, U.S. Attorney's Office, Columbus, Ohio and Bruce Scott Goldstein, U.S. Dept. of Labor, Cleveland, Ohio, for defendant, appellee.

Jack Gilbert Gibbs, Jr., Columbus, Ohio, for debtor Raymond L. Dixon.

OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court on a Notice of Appeal brought by Larry E. Staats, Trustee in Bankruptcy for Raymond L. Dixon, from the Opinion and Order on Complaint to Determine Validity, Extent and Priority of Alleged Liens or Other Interest issued by the Bankruptcy Court on November 21, 1990. This Court having considered all issues and being duly advised finds the Appellant's position not

well taken and the appeal is hereby DE-NIED.

## FACTS

In 1983, Raymond L. Dixon, Debtor in the Bankruptcy Court below, was employed by the United States Postal Service in Columbus, Ohio as a letter carrier. On November 21, 1983, Debtor, while in the scope of his employment, suffered bruises and a torn medial meniscus of the left knee as a result of an injury sustained on the premises of a building owned by the Women's Diversified Investment Group Ltd., II ("WDIG Ltd., II"). Debtor subsequently filed a Notice of Traumatic Injury and Claim for Compensation pursuant to the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* ("FECA"), with the Office of Workers' Compensation Programs, Employment, Standards, Administration, United States Department of Labor.

Debtor received compensation from the Department of Labor pursuant to FECA in the amount of $15,498.17 in disability compensation and $6,521.88 in medical benefits, for a total of $22,020.50.

In 1985, Debtor commenced a lawsuit for damages as a result of his injuries in the Franklin County Court of Common Pleas styled *Dixon v. Women's Diversified Investment Group Ltd., II,* Case No. 85–11–6588.

Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code in February of 1986. Debtor characterized the amount representing the Debtor's personal injury suit pending against WDIG Ltd., II as contingent and unliquidated personal property under Schedule B–2. Debtor did not disclose that the Department of Labor might claim an interest in his personal injury claim nor did he list the Department of Labor as a creditor.

Subsequently, Larry E. Staats was appointed as Interim Trustee and ultimately became Trustee following the Section 341 Meeting of Creditors. On May 16, 1986, Debtor was granted a discharge by Order of the Bankruptcy Court.

Frederick Benton, Jr. was appointed as Special Counsel to the Trustee on July 15, 1988, to prosecute the pending personal injury suit against WDIG Ltd., II. On February 14, 1989, the Bankruptcy Court entered an Order authorizing the Trustee and Benton to compromise Debtor's claim against WDIG Ltd., II for the sum of $15,-000. The Court also authorized the payment of $5,289.53 to Benton as Special Counsel.

The balance of $9,710.47 was held in escrow by the Trustee pending resolution of the adversary proceeding below. In that proceeding the Department of Labor claimed an interest in $5,178.92 of the proceeds of the Debtor's personal injury claim.

In the course of the adversary proceeding the Trustee argued that the proceeds from the settlement of Debtor's personal injury claim constituted estate property under 11 U.S.C. § 541(a)(1) of the Bankruptcy Code. This section of the Code defines what is included in the bankruptcy estate.

Conversely, the Department of Labor argued that the proceeds of the compromise were held by Debtor in a constructive trust for the Department of Labor pursuant to § 541(d). Further, the Department of Labor argued that § 8132 of FECA prevented the proceeds of the settlement from becoming part of the bankruptcy estate.

Judge Cole, in his Opinion found that although the Debtor possessed a legal interest, there was no equitable interest in that portion of the settlement proceeds claimed by the Department of Labor. The Bankruptcy Court further found that these monies were held in a constructive trust for the benefit of the Department of Labor. As a result, Judge Cole ruled that the $5,178.92 was excluded from the bankruptcy estate and was to be turned over to the Department of Labor pursuant to its FECA claim.

## LAW AND ANALYSIS

5 U.S.C. § 8131 provides the following: (a) If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability on a person other

than the United States to pay damages, the Secretary of Labor may require the beneficiary to—

(1) Assign to the United States any right of action he may have to enforce the liability or any right he may have to share in money or other property received and satisfaction of that liability; or

(2) prosecute the action in his own name.

■ Once submitting a claim under FECA, the beneficiary of such a claim is exclusively governed by the statutory provisions and the regulations promulgated thereunder. *U.S. v. Hayes*, 254 F.Supp. 849 (W.D.Ky.1966); *Louisville and Nashville Railroad Co. v. Rochelle*, 252 F.2d 730 (6th Cir.1958).

■ In its Opinion below, the Bankruptcy Court reviewed and analyzed the regulations as promulgated by the Secretary of Labor regarding circumstances such as have occurred in the instant matter. 20 C.F.R. § 10.503 specifically provides a formula by which the beneficiary may determine those funds the employee is obligated to reimburse the Government as a result of an award from a third party tortfeasor.

In the event that the beneficiary under § 8131 prosecutes his third party tortfeasor claim in his own name, § 8132 applies.

5 U.S.C. § 8132 provides in pertinent part:

If an injury ... for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the cost of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury. *No court, ... shall pay or distribute to the beneficiary or his designee the proceeds of such suit or settlement without first satisfying or assuring satisfaction of the interest of the United States.* (emphasis added)

The plain language of the statute is quite clear in this instance that the Government has the authority to demand repayment of the statutorily derived funds it distributed to the beneficiary. The statute, as read by this Court, provides no option to this or the Bankruptcy Court to prohibit the repayment of these funds providing that the two conditions precedent to the Government's claim (injury or death and a third-party tortfeasor is found liable) are met.

These conditions having been met, the proper application of § 8131(a) and § 8132 wholly support the decision of the Bankruptcy Court below.

The Court therefore finds that the Bankruptcy Court below has met the standard of appeal. This Court finds that the Bankruptcy Court did not err in the Findings of Fact nor was contrary to law in the Opinion below.

## CONCLUSION

Accordingly, the sum of $5,178.92 shall be excluded from the bankruptcy estate and may be claimed by the United States Department of Labor.

Appellant's appeal of the Opinion and Order on Complaint to Determine Validity, Extent and Priority of Alleged Liens or Other Interest is not well taken and is hereby DENIED.

IT IS SO ORDERED.