**NOLEN v. UNITED STATES.**

No. 163–52.

United States Court of Claims.

Jan. 13, 1953.

Minnie Nolen, pro se.

Wilson Myers, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff brought this suit to recover reimbursement for transportation for medical, X-rays, treatment and hospitalization, under the Federal Employees' Compensation Act, 39 Stat. 742, as amended by the Act of October 14, 1949, 63 Stat. 865; 5 U.S.C.A. § 751 et seq. This claim is predicated upon injuries alleged to have been sustained from a fall while in the employment of the Government as a classified Civil Service employee. She also seeks to recover "back salary since Aug. 5, 1942, erroneously deducted and omitted, as a result of the above mentioned errors, irregularities and omissions," of certain em-

392

ployees and officials of the Federal Employees' Compensation Commission. The plaintiff alleges in her petition that she was an employee of the Department of the Army in Grade CAF–2 (GS–2), clerk-typist, on February 3, 1942, in Minnesota, and acquired a classified Civil Service status. On August 5, 1942, she was transferred to Seattle, Washington, in the same position. Plaintiff alleges that on June 22, 1943, she slipped and fell while working in the Office of the Finance Officer, Department of the Army, at Seattle, and sustained injuries to her head, right knee and ankle. She received treatment in a Marine Hospital on June 25, 1943, and June 28, 1943, and received minor medical attention from an Army Nurse during June and July 1943. On August 27, 1943, plaintiff was discharged from her employment by the Department of the Army.

The record shows that plaintiff filed a claim for compensation arising out of her injuries. This claim was considered and denied by the Employees' Compensation Commission, and on several occasions subsequent to October 27, 1943, plaintiff's claim was reconsidered and the original action denying the same was affirmed.

Plaintiff's petition was filed April 9, 1952.

From a consideration of the facts set forth by plaintiff in her petition and the exhibits and documents filed in connection therewith, we are of the opinion that defendant's motion for summary judgment should be granted and that plaintiff's motion for summary judgment should be denied. Section 793 of the Federal Employees' Act, 5 U.S.C.A. § 793, provides, in part, as follows:

"* * * The action of the Administrator or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and fact, and not subject to review by any other official of the United States, or by any court by mandamus or otherwise, and credit shall be allowed in the accounts of any certifying or disbursing officer for payments in accordance with such action. * *"

 In view of this provision of the statute, it is clear that this court does not have jurisdiction to review the decisions of the officials of the United States Employees' Compensation Commission. Lewis v. United States, 89 U.S.App.D.C. 21, 190 F.2d 22; Calderon v. Tobin, 88 U.S.App. D.C. 134, 187 F.2d 514, 516.

In addition, it appears from the facts that plaintiff's claims for compensation and back salary are barred by the statute of limitation of six years. The cause of action for compensation accrued June 22, 1943 and the claim for salary accrued not later than August 27, 1943. Her petition was not filed until April 9, 1952.

The defendant's motion for summary judgment is granted and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.