Plaintiff seeks voidance of his retirement and reinstatement to the employee rolls with payment of back pay and leave due him, as well as $5,000,000 in actual and consequential damages. Plaintiff contends that he was retired under the disability retirement provision of the Civil Service Betirement Act without either plaintiff or his employing agency making application for such retirement. This case comes before the court on defendant’s motion for summary judgment and plaintiff’s cross-motion for summary judgment, having been submitted without oral argument on the briefs of the parties. Upon consideration thereof, the court concluded (1) that plaintiff does not make a sufficient showing that his Civil Service disability retirement was either involuntary or invalid; (2) that in any event, the record shows from his own repeated statements that plaintiff *1038 was not ready, willing and able to work, and is therefore not entitled to back pay. See Walker v. United States, 179 Ct. Cl. 723, 725 (1967), cert. denied, 389 U.S. 1036 (1968); Everett v. United States, 169 Ct. Cl. 11, 15-16, 340 F. 2d 352, 354-55 (1965); (3) that this court cannot review or overturn the findings of the Bureau of Employees’ Compensation. Everett v. United States, supra, 169 Ct. Cl. at 17, 340 F. 2d at 356. It was not unconstitutional for Congress to preclude such review; (4) that the other aspects of plaintiff’s petition are either beyond this court’s jurisdiction as sounding in tort or requiring specific relief, or are clearly without merit (Ainsworth v. United States, 185 Ct. Cl. 110, 122, 399 F. 2d 176, 183 (1968)). On May 21, 1971 the court denied plaintiff’s motion for summary judgment, granted defendant’s motion for summary judgment and dismissed the petition.