**Aimee J. ANDERSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 750–88C.**

United States Claims Court.

April 6, 1989.

Richard P. Fox, Los Angeles, Cal., for plaintiff.

William K. Olivier, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action comes before the court on defendant's motion to dismiss. At issue is whether the court has jurisdiction to entertain plaintiff's claims based upon the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.* (1982) and a denial of procedural due process under the Fifth Amendment.

## FACTS

Aimee J. Anderson, plaintiff, was employed as a vocational rehabilitation specialist at the Veterans Administration's (VA) Wadsworth Medical Center in Los Angeles, California. On February 1, 1985, plaintiff filed a claim for benefits under FECA for alleged disabilities proximately caused by a sexual assault perpetrated by her immediate supervisor. In July, 1986, the Office of Workers Compensation Programs (OWCP) Branch of Hearings and Review determined that plaintiff had failed to provide sufficient evidence to show a nexus between her disabilities and the course of her employment, and thus denied her claim. The Employees Compensation Appeals Board (ECAB) affirmed the OWCP decision on June 30, 1988. Disgruntled with the outcome, plaintiff filed a petition for reconsideration with the Board, claiming that she was denied procedural due process of law and that the ECAB had violated its own regulations. Plaintiff's petition was denied. Plaintiff then filed a complaint in this court, stating that:

> [Plaintiff] has been denied her Constitutional rights to Due Process of Law, Equal Protection of the Law, resulting in loss of her property and rights afforded under the FECA and its implementing regulation.

Plaintiff's Comp. ¶ 3.

## DISCUSSION

Defendant moved that plaintiff's complaint be dismissed on the grounds that the court lacked subject matter jurisdiction over plaintiff's claim of wrongful denial of benefits by the Department of Labor under FECA. Defendant's argument is twofold: First, that FECA prohibited judicial review of plaintiff's claims and did not create a substantive right of recovery for money damages; and second, that the court had no jurisdiction over claims based upon denial of due process and equal protection. Plaintiff admitted the court normally had no jurisdiction over FECA claims, but argued that because her Constitutional rights had been deprived, judicial review should be afforded her. Plaintiff's Comp. ¶ 4. Plaintiff contended that this matter was properly before the court pursuant to the Tucker Act, 28 U.S.C. § 1491 (1982), which states, in part:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department....

While plaintiff's complaint may truly be grounded on the denial of her due process rights, the mere assertion of a claim

**548**

against the United States based upon the Constitution or any regulation of an executive department is not sufficient grounds for the court to assert jurisdiction over this matter. *United States v. Testan,* 424 U.S. 392, 402, 96 S.Ct. 948, 955, 47 L.Ed.2d 114 (1976). Plaintiff must show that her claim is one for money damages and must demonstrate that the source of substantive law she relies on can be fairly interpreted as mandating compensation from the Federal Government for damages sustained. *Mitchell v. United States,* 463 U.S. 206, 216, 217, 103 S.Ct. 2961, 2967, 2968, 77 L.Ed.2d 580 (1983). Furthermore, any statutory waiver of sovereign immunity, so as to permit suit for money damages and to confer jurisdiction on this court, must be explicit, *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969), and must be strictly construed by the courts. *Brannan v. United States,* 7 Cl.Ct. 399, 403 (1985).

■ The statutory basis for plaintiff's suit, FECA, provides for the payment of compensation to federal employees who are disabled in the performance of their duties. 5 U.S.C. § 8102 (1982); 20 C.F.R. § 810.1 (1985). This compensation constitutes plaintiff's exclusive remedy against the United States for her alleged work-related disabilities. Administrative review of FECA awards and disputes is limited to the Secretary of Labor and is

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court or mandamus or otherwise.

5 U.S.C. § 8128(b) (1982). This court and its predecessor court, the Court of Claims, has consistently found that 5 U.S.C. § 8128 precludes review of the FECA board decisions. *See Nolen v. United States,* 124 Ct.Cl. 230, 109 F.Supp. 391 (1953); *Collins v. United States,* 194 Ct.Cl. 1037 (1971); *Landman v. United States,* 404 U.S. 885, 92 S.Ct. 222, 30 L.Ed.2d 167 (1971); *Chapman v. United States,* 204 Ct.Cl. 815 (1974); *Crawford v. United States,* 3 Cl.Ct. 323, 328 (1983), *aff'd* 732 F.2d 168 (Fed.

Cir.), *cert. denied,* 469 U.S. 861, 105 S.Ct. 194, 83 L.Ed.2d 127 (1983). The amount and kind of relief available to disabled federal employees is the exclusive province of Congress and the Secretary of Labor, free of judicial examination. *Everett v. United States,* 169 Ct.Cl. 11, 19, 340 F.2d 352, 356 (1965). This court follows the abundance of precedent and finds that it does not have jurisdiction over plaintiff's FECA claims.

■ Plaintiff argued that the court had jurisdiction based upon the due process and equal protection guarantees of the Constitution. Plaintiff cited two cases, *Marozsan v. United States,* 852 F.2d 1469 (7th Cir. 1988) and *Rodriguez v. United States,* 769 F.2d 1344 (9th Cir.1985), for the proposition that federal courts are not precluded from reviewing FECA claims in instances involving the denial of due process rights. "We do not read the statute [5 U.S.C. § 8128] to take the 'extraordinary' step of foreclosing jurisdiction over constitutional claims." *Id.* at 1348. Assuming, *arguendo,* that the court chose to follow such precedence, the court would nevertheless be precluded from entertaining plaintiff's due process claims. For the court to take jurisdiction, plaintiff would have to do more than simply raise a constitutional challenge. "[A] mere allegation of constitutional violation would not be sufficient to avoid the effect of a statutory finality provision...." *Rodriguez,* 769 F.2d at 1348. Plaintiff argued that the ECAB failed to comply with a requirement to include a written opinion setting forth facts relied upon and conclusions of law in its decision, but failed to present any evidence to substantiate its claim. This issue was decisively addressed by the ECAB in its 1988 Order denying plaintiff's petition for reconsideration.

In *John G. Fazekas,* [32 ECAB 1012 (1982)] the Board found that the practice of adopting decisions of Office hearing representatives conformed with all procedural requirements governing Board procedures. The Board noted that while the decision did not set forth findings and conclusions in the documentation itself, it did incorporate the findings and conclusions of the hearing representative.... The Board gives due consideration to the

contentions of the parties and makes a *de novo* review of the merits of each case and adopts the findings of the Office hearing representative only when the findings are in accord with those of the Board. For this reason, the Board's June 30, 1988 decision was in conformance with the established practice of the Board and conformed to all procedural requirements governing Board procedure on appeal.

The ECAB was permitted by its own regulations to adopt the findings of fact and conclusions of law made by the hearing representative. The court thus finds that even if it had the power to rule on plaintiff's FECA claims, plaintiff did not present sufficient evidence beyond the mere allegation of the denial of due process that would allow the court to override FECA's statutory barriers on review.

■ As to the issue of whether a claimed violation of the Constitution grants this court jurisdiction to review plaintiff's case, the law is clear that

> [t]his court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages.

*Carruth v. United States,* 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980). *See Inupiat Community of the Arctic Slope v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122, 132, *cert. denied,* 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Conservative Caucus, Inc. v. United States,* 228 Ct.Cl. 45, 54, 650 F.2d 1206, 1211–12 (1981). Plaintiff's complaint was grounded solely on the denial of its due process and equal protection rights—matters over which the court has no jurisdiction.

### CONCLUSION

The court thus finds that it is statutorily precluded from reviewing the Secretary of Labor's denial of plaintiff's claims under FECA and has no jurisdiction over plaintiff's claims based upon her alleged denial of due process under the Constitution. Defendant's motion to dismiss is granted and the Clerk is directed to enter judgment accordingly. Costs to defendant.

IT IS SO ORDERED.