Leslie M. COLLINS, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 94–119C.

United States Court of Federal Claims.

May 28, 1996.

P. Stephen Gordinier, Louisville, Kentucky, for plaintiff.

Lauren S. Moore, Department of Justice, Washington, D.C., for defendant.

Arthur Rosenfeld, Department of Labor, Washington, D.C., of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss pursuant to RCFC 12(b)(1), and the parties' cross motions for summary judgment pursuant to RCFC 56. The primary issue in this case is whether the court has jurisdiction to entertain plaintiff's claims based upon the Federal Employees' Compensation Act (the "FECA" or the "Act"), 5 U.S.C. §§ 8101–8193 (1994). For the reasons set forth below, the court grants defendant's motion to dismiss. Accordingly, plaintiff's motion for summary judgment and defendant's cross motion for summary judgment are moot. Oral argument is deemed unnecessary in this case.

## FACTS

On or about October 20, 1992, James S. Collins ("Special Agent Collins") died in the line of duty at Los Angeles International Airport after having served as a Special Agent in the Non–Uniformed Division of the United States Secret Service for almost twenty years. While providing protection for Admiral James B. Stockdale, then candidate for Vice–President of the United States, Special Agent Collins suffered a fatal heart attack, leaving his widow plaintiff, Leslie M. Collins, and two minor children. Prior to his death, Special Agent Collins had opted out of the Civil Service Retirement and Disability System (the "CSRDS") and into the District of Columbia Retirement System (the "DCRS") pursuant to D.C.Code Ann. § 4–609 (1981).

On January 5, 1993, the Secret Service filed a survivor benefits claim with the Department of Labor (the "DOL"), Office of Workers' Compensation Programs (the "OWCP") on behalf of plaintiff and her children. In a March 4, 1993 letter, the DOL requested information from the D.C. government about plaintiff's entitlement to survivor benefits under the DCRS in order to respond to plaintiff's claim. (Def.'s App. at 1–2.)

Relying on the DCRS information, the OWCP sent plaintiff a letter dated August 5, 1993, which reported her survivor benefits under the FECA. (Pl.'s Ex. A.) The benefits were calculated by first determining her entitlement under section 8133(a)(2) of the Act, which was 75 percent of her husband's monthly salary at the time of his death or $4,594.25 per month. The OWCP then reasoned that under section 8192, plaintiff's entitlement must be offset by comparable contributions made to her husband's DCRS fund by his employer. As a result, the OWCP reduced the benefits by 93 percent to $321.59 per month because Special Agent Collins contributed 7 percent of his income toward his pension fund and the remainder 93 percent was contributed by his employer and was considered comparable. The OWCP further refused to give plaintiff any FECA benefits until she had absorbed $69,215 received from the DCRS in the form of a $19,215 pension and a $50,000 lump sum. As a result, plaintiff and her children would have had to wait until 2010 to receive the reduced FECA benefits. To date, plaintiff has allegedly received only the pension.

Mrs. Collins found the August 1993 DOL letter ridden with miscalculations. On August 12, 1993, plaintiff spoke with the Senior Claims Examiner at the DOL who promised a prompt recalculation of her benefits. Despite plaintiff's frequent calls to the DOL requesting action, the Senior Claims Examiner managed only to reiterate her promise to revise the calculations. Plaintiff even contacted Senator Mitch McConnell's office in October 1993, requesting assistance in eliciting action from the DOL. The Senator's help proved fruitless. In January 1994, plaintiff wrote a letter to the Secretary of Labor, apprising him of the DOL's incessant delays and requesting his assistance. Thomas Markey, Director of Federal Employees' Compensation, wrote plaintiff promising, yet

again, prompt recalculation, but explaining that the DOL had been waiting for a copy of the statute or regulation which specifies the percentage contribution made to DCRS by the Secret Service so that the DOL could calculate the offset amount under section 8192. (Pl.'s Ex. B.)

Plaintiff filed a complaint in this court on February 25, 1994, six months after the Senior Claims Adjuster had promised recalculation, alleging that the computations completed by the DOL were not in conformance with the formulas directed by the FECA. Plaintiff asserted that the DOL exceeded its authority by illegally and improperly reducing plaintiff's benefits in violation of the clear and unambiguous statutory mandates of the FECA. Plaintiff further claimed that the DOL, although acknowledged errors, refused to correct them, thereby violating a Congressional mandate. Plaintiff demanded an injunction against the DOL to correctly apply the formulas mandated by Congress. The complaint also inappropriately raised a count pursuant to Fed.R.Civ.P. 23, dealing with class actions. Plaintiff simultaneously filed a motion to certify the case as a class action pursuant to RCFC 23. Finally, plaintiff claimed a general "violation of rights" on behalf of herself and those of the class.

On June 6, 1994, the OWCP finally issued a recalculation which superseded the August 1993 letter. (Pl.'s Ex. C; Def.'s App. at 7–12.) The OWCP noted that because Special Agent Collins was covered under the DCRS rather than the CSRDS at the time of his death, his benefits arose out of sections 8191–8193 rather than section 8101 of the FECA. By letters dated April 19, 1993 and June 8, 1993, the D.C. government informed the DOL that plaintiff was granted a $50,000 lump-sum death benefit and that she was receiving, and would continue to receive until her death or remarriage, a monthly survivor annuity, equal to about $2,135 per month but subject to cost-of-living changes, for herself and her children. (Pl.'s Exs. 1, 2; Def.'s App. at 3–6.) Pursuant to section 8192, the OWCP offset plaintiff's gross FECA benefits determined under section 8133 by the percentage of comparable benefits received through DCRS. Based on a complex set of calculations, 84.5 percent of the monies received from the D.C. government was offset against the gross FECA benefits. Plaintiff alleges without proof that she is ineligible for the lump sum payment, and that she neither applied for, nor received it. The OWCP informed plaintiff that she would receive a check for $33,915.74 and effective May 29, 1994, a check for $1,661.52 per month on behalf of her children. Beginning approximately December 1, 1995, plaintiff would apparently receive $1,166.51 per month on her own behalf. These payments are in addition to the DCRS annuity payments.

On June 6, 1994, defendant filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction to entertain plaintiff's allegations of miscalculations by the DOL. Defendant argues that findings, calculations, and discretionary judgments by the DOL may not be judicially reviewed under section 8128 of the FECA. Plaintiff filed its response on June 30, 1994, arguing that the discretionary and administrative decisions of the Secretary are not the basis of her claim.[1] Rather at issue is the DOL's application of section 8192, which allegedly violates the FECA. Plaintiff simultaneously filed a motion for summary judgment, claiming that not all of the provisions of the Act give the Secretary discretion. Plaintiff argues that the DOL's discretion ceased once the decision was made that Special Agent Collins died in the line of duty. The DOL was then required to follow section 8133 and did not have discretion nor statutory authority to apply section 8192. The case was suspended pending a decision by the DOL's Employees' Compensation Appeals Board (the "ECAB"). The ECAB rendered a decision on September 27, 1995, affirming the OWCP's calculations and decision in the June 6, 1994 letter.[2] (Def.'s App. at 13–20.)

---

1. Plaintiff also claimed, inaccurately, that defendant raised two defenses: (1) plaintiff's failure to exhaust administrative remedies and (2) preclusion of judicial review under section 8128. The court notes that defendant did not raise a defense of failure to exhaust administrative remedies.

2. This decision renders any defense of failure to exhaust administrative remedies moot, assuming *arguendo* that such a defense was raised.

## DISCUSSION

### A. Jurisdiction

 In considering defendant's motion to dismiss for lack of subject matter jurisdiction, the court must accept as true any undisputed allegations of fact made by the non-moving party. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988). Only contested facts relevant to subject matter jurisdiction must be decided by the court. *Id.* Although the court must generally assume unchallenged facts are true when deciding its jurisdiction, the court is not required to accept plaintiff's framing of the complaint. *Lewis v. United States,* 32 Fed.Cl. 301, 304 (1994), *aff'd,* 70 F.3d 597 (Fed.Cir.1995). Rather the court should look to plaintiff's factual allegations to ascertain the true nature of the claim, as well as to matters outside the pleadings. *Id.*

 This court's jurisdiction is limited and relies on the Tucker Act, 28 U.S.C. § 1491 (1994), which confers jurisdiction on this court over any claim against the United States, "founded either upon the Constitution, or any Act of Congress...." *United States v. Testan,* 424 U.S. 392, 397, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976). The Tucker Act "does not create any substantive rights enforceable against the United States for money damages" but rather waives sovereign immunity under specific conditions. *Id.* at 398, 96 S.Ct. at 953. Plaintiff must show that her claim is one for money damages and that the federal statute on which she relies " 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " *Id.* at 400, 96 S.Ct. at 954 (citations omitted); *see also United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983). This court's jurisdiction arises only from clear statutory entitlement. *See Chin v. United States,* 890 F.2d 1143, 1146 (Fed.Cir. 1989). As a sovereign, the United States is immune from suit except to the extent that it consents to be sued. *Testan,* 424 U.S. at 399,

96 S.Ct. at 953–54. Any statutory waiver of sovereign immunity to permit suit for money damages and to confer jurisdiction on this court must be explicit and must be strictly construed. *Id.; United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). In the present case, neither party disputes whether plaintiff possessed a federal statutory right to survivor benefits under the FECA. The parties only dispute which sections of the Act apply and how their application affects the calculation of benefits.[3]

 Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds,* 846 F.2d at 748. Despite plaintiff's entitlement to survivor benefits, defendant contends that the court lacks jurisdiction to entertain the complaint because the FECA only provides for an exclusively administrative remedy under 5 U.S.C. §§ 8116(c), 8149. Defendant further asserts that the FECA completely precludes judicial review of any of the Secretary's decisions under 5 U.S.C. § 8128(b), and that the Secretary is provided the right to fully interpret and administer the FECA under 5 U.S.C. § 8145.

### B. Preclusion of Judicial Review

 The FECA provides worker's compensation to federal employees or their survivors for employment-related injuries or deaths. 5 U.S.C. § 8102. Such compensation constitutes plaintiff's exclusive remedy against the United States for work-related disabilities. *See* 5 U.S.C. §§ 8116, 8149[4]. The FECA vests plenary authority in the Secretary to "administer, and decide all questions arising under" the Act. 5 U.S.C. § 8145. Specifically, the Secretary may grant or refuse to grant compensation. 5 U.S.C. § 8124(a). Such decisions are explicitly precluded from judicial review under section 8128(b) which provides:

---

**3.** Plaintiff's claim in count three of her complaint for "violation of rights" is vague. The court ignores it based on plaintiff's failure to present any evidence that this claim is pursuant to a money mandating statute.

**4.** 5 U.S.C. § 8149 also mandates that "[t]he Secretary of Labor may prescribe rules and regulations necessary for the administration and enforcement of this subchapter...."

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States *or by a court* by mandamus or otherwise.

5 U.S.C. § 8128(b) (emphasis added). Thus, decisions to award or deny compensation and all conclusions of law and fact by the Secretary are immune from judicial review. Plaintiff claims that the Secretary violated the statute by applying section 8192. However, the complaint is clearly based upon the Secretary's discretionary decision to exclude Special Agent Collins from section 8133 benefits for federal employees and include him under section 8192 benefits for non-federal employees. Thus, plaintiff's complaint is clearly grounded on the Secretary's partial denial of compensation under the Act.

 This court has consistently held that the decisions of the Secretary of Labor under the FECA are final and not subject to judicial review. *See Bodine v. United States,* 14 Cl.Ct. 661, 664, *aff'd,* 865 F.2d 269 (Fed.Cir. 1988), *cert. denied,* 490 U.S. 1048, 109 S.Ct. 1958, 104 L.Ed.2d 427 (1989); *Thaxton v. United States,* 11 Cl.Ct. 181, 182 (1986); *Chapman v. United States,* 204 Ct.Cl. 815, 816, 1974 WL 5601 (1974); *Landman v. United States,* 196 Ct.Cl. 778, 778, 1971 WL 4160 (1971); *Hall v. United States,* 166 Ct.Cl. 601, 601, 1964 WL 1595 (1964); *Nolen v. United States,* 124 Ct.Cl. 230, 232, 109 F.Supp. 391 (1953). "The amount and kind of relief available to disabled federal employees is the exclusive province of Congress and the Secretary of Labor, free of judicial examination." *Anderson v. United States,* 16 Cl. Ct. 546, 548 (1989) (citing *Everett v. United States,* 169 Ct.Cl. 11, 19, 340 F.2d 352 (1965)). In creating a claim against itself, the government is not bound to provide a remedy in courts. By absolutely restricting judicial review of the Secretary's decisions, Congress has made it clear that the United States' sovereign immunity in compensation cases has not been waived and may not be waived by the courts to permit a suit against the government for money damages where the Secretary has denied a claim. In enacting the FECA, Congress did not open the door to suits by government employees but rather only gave the agency the power to grant compensation awards.

Other courts have also held that the Secretary's denials of claims may not be reviewed. "The language [of section 8128] is clear and ... unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters regardless of whether other, more general, statutes might seem to grant such jurisdiction." *Staacke v. Secretary of Labor,* 841 F.2d 278, 281 (9th Cir. 1988). "The Secretary of Labor is vested with the power to 'administer, and decide all questions arising under' the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law." *Bruni v. United States,* 964 F.2d 76, 79 (1st Cir.1992) (citations omitted); *see Brumley v. Department of Labor,* 28 F.3d 746, 748 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 734, 130 L.Ed.2d 637 (1995); *Minor v. Merit Sys. Protection Bd.,* 819 F.2d 280, 283 (Fed.Cir. 1987); *Paluca v. Secretary of Labor,* 813 F.2d 524, 527–28 (1st Cir.), *cert. denied,* 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987); *Hamby v. Janer,* 808 F.2d 1433, 1434 (11th Cir.1987); *Grijalva v. United States,* 781 F.2d 472, 474 (5th Cir.), *cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 42 (1986); *Rodrigues v. Donovan,* 769 F.2d 1344, 1347 (9th Cir.1985). The United States Supreme Court has even singled out section 8128(b) as a model preclusion-of-review statute with "unambiguous and comprehensive" language used by Congress "when [it] intends to bar judicial review *altogether.*" *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 779–80 & n. 13, 105 S.Ct. 1620, 1627–28 & n. 13, 84 L.Ed.2d 674 (1985) (emphasis added). Courts are not to question the Secretary's interpretation and application of the Act. *Czerkies v. Department of Labor,* 73 F.3d 1435, 1440 (1996). This court follows the abundance of precedent and finds that it does not have jurisdiction over plaintiff's FECA claims because it ultimately questions the Secretary's discretionary judgment of which

sections of the Act apply to the claimant and whether denial of full payment under section 8133 was valid.

## C. No Violation of a Clear Statutory Mandate

■ Plaintiff argues that the court has jurisdiction because even in the face of statutory bars to judicial review, "[n]either Congress nor the United States Supreme Court hold that any and all actions of an administrative body are non-reviewable, especially where there are constitutional claims and/or claims that the agency or its employees are violating a clear statutory mandate." Pl.'s Resp. to Def.'s Mot. to Dismiss at 8. Plaintiff cites four cases for this proposition, *Oestereich v. Selective Serv. Sys.*, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); *Woodruff v. Department of Labor*, 954 F.2d 634 (11th Cir.1992); *Dart v. United States*, 848 F.2d 217 (D.C.Cir.1988); *Staacke*, 841 F.2d 278. These cases, however, do not mandate *against absolute* statutory preclusions of judicial review, such as section 8128, where the agency is vested with plenary authority to administer and interpret the Act. These cases, rather, find exception to finality clauses under special circumstances and where the clause is not absolute. *See, e.g., Dart*, 848 F.2d at 221. For example, "courts maintain jurisdiction to consider constitutional claims; and ... jurisdiction exists where defendant is charged with violating a clear statutory mandate or prohibition." *Staacke*, 841 F.2d at 281 (citations omitted); *accord Woodruff*, 954 F.2d at 639. Assuming *arguendo* that this court accepts these exceptions, the only issue is whether plaintiff has proven that the DOL violated a clear statutory mandate because plaintiff has not asserted a constitutional claim.

For the court to accept jurisdiction, plaintiff would have to do more than simply raise "a mere allegation of" statutory violation "to avoid the effect of a statutory finality provision." *See Rodrigues*, 769 F.2d at 1348. Plaintiff argues that the DOL failed to adhere to the statutory mandate in section 8133, which provides:

(a) If death results from an injury sustained in the performance of duty, the United States shall pay a monthly compensation equal to a percentage of the monthly pay of the deceased employee in accordance with the following schedule:

. . . . .

(2) To the widow or widower, if there is a child, 45 percent and in addition 15 percent for each child not to exceed a total of 75 percent for the widow or widower and children.

5 U.S.C. § 8133. On its face and standing alone, there does not seem to be room for agency interpretation of this section. However, pursuant to his broad policy making authority to "prescribe rules and regulations necessary for the administration and enforcement" of the Act, 5 U.S.C. § 8149, the Secretary promulgated 20 C.F.R. § 10.612(e) (1993) which provides that

members of the Non–Uniformed Division of the United States Secret Service who are covered under the District of Columbia Policemen and Firemen's Retirement and Disability Act are considered to be engaged in the types of activities specified in 5 U.S.C. § 8191(1)–(3), and are covered by the provisions of 5 U.S.C. § 8191–8193 during the performance of all official duties.

20 C.F.R. § 10.612(e). As a result, the OWCP properly applied section 8192 to plaintiff's FECA benefits requiring the offset. *See* 5 U.S.C. § 8192.

Plaintiff argues that under section 8101 Special Agent Collins was a federal employee and thus applying section 8192, which falls under "Law Enforcement Officers Not Employed by the United States," clearly violated the statute. Plaintiff however ignores the regulation. Moreover, plaintiff ignores the fact that Special Agent Collins choose to transfer into the DCRS and thus choose to fall subject to the regulation. In doing so, he was no longer considered a federal employee for receiving FECA compensation.

The structure of the FECA and the clear preclusive language of section 8128 persuade this court that the Secretary's discretion " 'to make the policy choices associated with disability decisions' is virtually limitless." *Staacke*, 841 F.2d at 282 (citing *Rodrigues*, 769 F.2d at 1348). In promulgating the reg-

ulation, the Secretary made a policy decision which benefits those who opt out of the CSRDS and into the DCRS. If plaintiff's survivor benefits remained subject to only section 8133, they would also be subject to section 8116(a) which states that "[w]hile an employee is receiving compensation under this subchapter, . . . he may *not* receive salary, pay, or remuneration of any type from the United States." 5 U.S.C. § 8116(a) (emphasis added). Plaintiff would have had to make a choice between whether to receive section 8133 benefits or CSRDS payments because she could not receive both at the same time. *See Appel v. Office of Personnel Management*, 777 F.2d 691, 693 (Fed.Cir. 1985); *Steelman v. United States*, 162 Ct.Cl. 81, 83–84, 318 F.2d 733 (1963). By contrast, section 8192 specifies that plaintiff may be paid the difference between section 8133 benefits, and any comparable benefits from decedent's employment at the time of death, i.e. DCRS payments. Given its broad policy making authority to administer and enforce the FECA, the Secretary did not violate a clear statutory mandate in denying full compensation under section 8133.

## CONCLUSION

For the reasons stated above, the court grants defendant's motion to dismiss under RCFC 12(b)(1). Accordingly, plaintiff's motion for summary judgment and defendant's cross motion for summary judgment are moot. The court, however, expects the DOL to adhere to the entitlement outlined in the June 6, 1994 letter. The court further orders that plaintiff's motion to certify the case as a class action, filed February 25, 1994, is *DENIED* pursuant to the court's allowance of defendant's motion to dismiss. The Clerk is directed to dismiss the complaint. No costs.

**IT IS SO ORDERED.**