.Deborah Katz PUESCHEL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–925 C.

United States Court of Federal Claims.

March 30, 2001.

George M. Chuzi, Washington, DC, for plaintiff.

William L. Olsen, with whom were David W. Ogden, Assistant Attorney General, David M. Cohen, Director, Todd M. Hughes, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for defendant. Mary M. McCarthy, Federal Aviation Administration, and Paul Klingenberg, United States Department of Labor, of counsel.

## OPINION AND ORDER

HEWITT, Judge.

This is a suit by a former government employee for workers' compensation benefits. Plaintiff was discharged for participation in an illegal strike in 1981, then reinstated and given a back pay award in 1984. The award was partially offset by deductions for outside earnings and reimbursements. Plaintiff contends that the deductions were improper on the grounds that she was entitled to an award of disability benefits not subject to offset. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and untimely filing.

For the following reasons, the court GRANTS the motion to dismiss.

### I. Background

Plaintiff was employed as an air traffic controller by the Federal Aviation Administration (FAA) from 1974 through 1981. Complaint ¶¶ 2, 5, 7. She was fired in 1981 on the ground that she had participated in an illegal strike. *Id.* ¶ 8. She brought an action for reinstatement before the Merit Systems Protection Board (MSPB). The MSPB ordered her reinstatement in 1983 after finding that she had not participated in the strike. *Id.* Plaintiff was reinstated with back pay in 1984. *Id.* ¶ 9. The back pay award was offset by deductions for, among other things, outside earnings during the period between her firing and reinstatement, reimbursement of a lump sum annual leave payment, and a re-

fund that plaintiff received from her retirement account. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Def. Mot.) Exh. 2.[1]

While plaintiff's MSPB complaint for reinstatement was pending, she applied in 1982 for workers' compensation benefits with the Office of Worker Compensation Programs (OWCP) of the Department of Labor. Complaint ¶ 10. On April 23, 1992, the OWCP ruled that plaintiff was entitled to disability benefits, retroactive to March 12, 1990. Complaint ¶.10; Def. Mot. at 3. On October 15, 1993, the OWCP amended its ruling to permit plaintiff to recover workers' compensation retroactive to January 1, 1980. Pl. Opp. at 15. On November 10, 1993, plaintiff submitted a claim for additional compensation to the OWCP, requesting, among other things, a refund of the amount deducted from her 1984 back pay award, on the ground that the deduction was improper because plaintiff was entitled to disability compensation. Pl. Opp. at 7; Def. Mot. Exh. 1. Plaintiff also submitted a copy of her claim to the FAA, which acknowledged receipt on November 16, 1993. Pl. Opp. at 7. The OWCP denied plaintiff's claim on December 9, 1999, on the ground that the only period of annual leave for which plaintiff had submitted medical evidence of a work-related disability was in April 1985. Def. Reply Exh. 1. Plaintiff filed suit in this court on November 9, 1999. Complaint at 1.

## II.   Discussion

### A.   Subject Matter Jurisdiction

Defendant has moved to dismiss the complaint under Rule 12(b)(1) of the United States Court of Federal Claims for lack of subject matter jurisdiction. Subject matter jurisdiction is a "threshold matter" that must be addressed before the court reaches the merits of the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Nippon Steel Corp. v. United States*, 219 F.3d 1348, 1352 (Fed.Cir.2000).

The Tucker Act, 28 U.S.C. § 1491, confers on this court jurisdiction of claims founded on the Constitution, laws, and regulations of the United States. 28 U.S.C. § 1491(a)(1) (1996). The Tucker Act does not create a substantive right of recovery; it gives this court jurisdiction only when there is a separate money-mandating statute. *Dehne v. United States*, 970 F.2d 890, 893 (Fed.Cir.1992). Defendant argues that no separate money-mandating statute exists in this case, *see* Def. Mot. at 6–7, and that the statutes cited by plaintiff do not entitle her to relief in this court. Def. Mot. at 7–8. Final decisions of the Secretary of Labor regarding disability compensation are not reviewable in this court. *Collins v. United States*, 35 Fed.Cl. 620, 625 (1996). In support of the latter point—the non-reviewability of OWCP decisions—defendant relies on section 8128(b) of the Federal Employees Compensation Act:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b) (1996). Defendant argues that the OWCP's failure to award plaintiff the amounts deducted from her 1984 back pay award is unreviewable and is therefore not within this court's jurisdiction. Def. Mot. at 8–9.

This court has addressed the scope of the preclusion of judicial review in § 8128(b) on several occasions, finding on each occasion that it had no jurisdiction. *Lee v. United States*, 41 Fed.Cl. 36, *appeal dismissed*, 173 F.3d 434 (Fed.Cir.1998), concerned the termination of a disabled civilian United States Navy employee, who contended that he was entitled to compensation for total disability; this court found that the power to determine the extent of disability was vested exclusively

---

1. Plaintiff has not objected to the introduction of materials extrinsic to the pleadings. Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Supporting Memorandum (Pl. Opp.) at 3 n.1. None of the facts taken from defendant's motion to dismiss or from the attachments thereto has been contested by plaintiff.

in the Secretary of Labor. *Id.* at 39. In *Collins*, this court found that § 8128(b) precluded review of the Secretary of Labor's classification of the plaintiff's deceased spouse as a law enforcement officer as defined in section 8191 of title 5 of the United States Code, rather than as an employee as defined in section 8101 of the same title. *Collins*, 35 Fed.Cl. at 625.[2] The Court of Claims, the decisions of which are precedential in this court, held that it had no jurisdiction of a claim that the Secretary of Labor improperly stopped compensation payments. *Chapman v. United States*, 204 Ct. Cl. 815, 816, 1974 WL 5601 (1974). The same court also held that it had no jurisdiction of a challenge to a finding that the plaintiff was partially, rather than totally, disabled. *Landman v. United States*, 196 Ct.Cl. 778, 778, 1971 WL 4160 (1971).[3]

There is, however, authority that, in some circumstances, entities other than the Secretary of Labor may hear claims related to workers' compensation. The Court of Appeals for the Federal Circuit has stated that an employing agency may determine whether a compensation award was the result of a false claim, and that the agency's determination is subject to review. *Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 283 (Fed.Cir. 1987). Various other courts have identified other circumstances when review is appropriate. *See, e.g., United States v. Carpentieri*, 23 F.Supp.2d 433, 435–36 (S.D.N.Y.1998) (permitting review of claim that employee falsified his application for compensation notwithstanding decision by OWCP that employee was entitled to compensation); *Purser v. United States Dep't of Labor*, 943 F.Supp. 898, 904–05 (M.D.Tenn.1996) (permitting review of claim that Employees' Compensation Appeals Board improperly refused to allocate settlement amount between separate injuries, mistakenly found that an attorney's fee was reasonable, and improperly failed to include future value in compensation); *Taylor v. Sec'y of the Navy*, 852 F.Supp. 343, 352 (E.D.Pa.1994) (permitting review of job assignments under Title VII because review does not "imping[e] on the Secretary's authority" and request is for "additional and different relief").

The parties have not suggested, and the court has not found, any authority addressing whether judicial review is appropriate in these circumstances, namely a Department of Labor decision to refuse to reclassify a back pay award as disability compensation and, on that basis, restore deductions that were made from the back pay award. The court notes, however, that several decisions in this court have denied review of claims regarding the Secretary of Labor's classification of an employee or the employee's disability status. *See* n. 2 *supra*. Discretionary classifications of the type requested by plaintiff therefore appear to be within the scope of decisions as

---

**2.** Other decisions of this court have reached similar conclusions. In *Anderson v. United States*, 16 Cl.Ct. 546 (1989), this court refused to hear a claim that the OWCP had not afforded the plaintiff the required procedures in denying her claim for disability benefits. *Id.* at 548. In *Bodine v. United States*, 14 Cl.Ct. 661, *aff'd*, 865 F.2d 269 (Fed.Cir.1988), this court held that § 8128 bars consideration of whether the OWCP erroneously determined that plaintiff was not entitled to a continuation of pay for 45 days after his injury under § 8118. *Id.* at 664. In *Thaxton v. United States*, 11 Cl.Ct. 181 (1986), the OWCP had terminated augmented disability benefits and assessed an overpayment based on a determination that the plaintiff's mother did not qualify as a dependent, and this court found that it had no jurisdiction to review that decision. *Id.* at 182. In *Crawford v. United States*, 3 Cl.Ct. 323 (1983), *aff'd*, 732 F.2d 168 (Fed.Cir.1984), the plaintiff argued that compensation had been awarded but never disbursed. *Id.* at 328. The court found that review was inappropriate. *Id.* at 328–29.

**3.** Various other courts have likewise limited the scope of § 8128(b). *See, e.g., Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1441 (7th Cir.1996) (en banc) (stating that "[w]hen all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether"); *Stephens v. Office of Worker's Compensation Program*, 721 F.2d 642, 642 (8th Cir.1983) (finding no jurisdiction to review denial of compensation for air traffic controller's hearing loss); *DiPippa v. United States*, 687 F.2d 14, 17 (3rd Cir.1982) (holding that the application of FECA to tort claims bars all other recovery).

Courts have found that it is appropriate to review the Secretary of Labor's decisions when a plaintiff claims that his or her constitutional rights have been violated. *Senerchia v. United States*, 235 F.3d 129, 131 (2d Cir.2000); *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000). Plaintiff here does not allege a constitutional violation.

to which review is barred by § 8128(b). Moreover, the court notes that *Minor*, the one Federal Circuit decision permitting review of a workers' compensation outside the Department of Labor, did not state that review in this court was appropriate; rather, it approved as proper a decision by the employing agency and an affirmance of that decision by the Merit Systems Protection Board. The *Minor* court found that the Board acted "within its own separate statutory sphere" in deciding whether the plaintiff had been removed for cause or as the result of an injury. 819 F.2d at 283. In other words, the *Minor* court found that the authority to make the decision at issue was vested in another agency—the employing agency—and that the Merit Systems Protection Board was entitled to review that decision. In this case, plaintiff has not even alleged that the Department of Labor is without authority to classify an award as back pay or disability compensation.

### B. Statute of Limitations

The statute of limitations also bars plaintiff's claim. Plaintiff filed her suit on November 9, 1999. Complaint at 1. This court has jurisdiction only of those Tucker Act claims that are brought within six years of the accrual of the claim. 28 U.S.C. § 2501 (1994). Plaintiff's claim must therefore have accrued on or after November 9, 1993, for this court to exercise jurisdiction.

 Plaintiff argues that her claim accrued on November 16, 1993, when the FAA acknowledged receipt of plaintiff's claim for adjustment of her back pay award. Pl. Opp. at 15. A cause of action against the government accrues when the events which fix the Government's alleged liability have occurred and the plaintiff was or should have been aware of their existence. *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed.Cir.1995). The time when the FAA learned of plaintiff's claim, therefore, has no relevance for purposes of determining when the claim accrued. Rather, the relevant date is the date when plaintiff learned that the OWCP had approved her disability award for the same period that was covered by her back pay award, since she alleges that the existence of a disability status for the period covered by the back pay award made deductions from the back pay award improper. The initial finding of disability referred to an "injury of 3/12/90," indicating that the disability was viewed as beginning on March 12, 1990, well after the back pay award in 1984. Def. Mot. Exh. 4. Plaintiff states that she learned in October 1993 that the disability period had been extended back to January 1, 1980. Pl. Opp. at 4. A handwritten notation on plaintiff's notification of the acceptance of her disability claim states that the injury date was changed on October 15, 1993. Def. Mot. Exh. 4. It is undisputed that plaintiff learned of the adjusted dates applicable to her disability claim in October 1993, more than six years elapsed before she filed suit on November 9, 1999. Plaintiff's suit is barred by the six-year statute of limitations.

### III. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED. The complaint is dismissed without prejudice. *See Wheeler v. United States*, 11 F.3d 156, 160 (Fed.Cir. 1993) ("Dismissals for lack of subject matter jurisdiction made pursuant to RCFC 12(b)(1) are without prejudice."). Accordingly:

1. The Clerk of the Court is directed to enter judgment for defendant.

2. Each party shall bear its own costs.

IT IS SO ORDERED.