**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 84**

Docket No. CH-1221-14-0058-W-1

**Stephen B. Linder,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

November 7, 2014

Cynthia H. Hyndman, Esquire, Chicago, Illinois, for the appellant.

Joe Lazar, Esquire, Alexandria, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2     The appellant, a Criminal Investigator with the U.S. Marshals Service, filed an IRA appeal alleging that the agency reassigned him in retaliation for his

disclosing of misconduct by agency employees to the U.S. District Court for the Northern District of Illinois. Initial Appeal File (IAF), Tab 1. The appellant alleged that his reassignment constituted reprisal for his protected disclosure in violation of the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302(b)(8). IAF, Tab 1; *see* IAF, Tab 12 at 6-10.

¶3      The appellant was before the district court based on his indictment for committing civil rights violations by using excessive force against two individuals. IAF, Tab 1, Subtab A at 1. During the court proceedings, the appellant disclosed to the court, in his motion to dismiss the indictment, that some agency employees had violated his rights under the Fifth and Sixth Amendments by intentionally interfering with his right to conduct a defense investigation and interview prospective witnesses, who were also employees of the U.S. Marshals Service. *Id*. at 10-11. Specifically, the appellant disclosed that agency employees threatened individuals, who were witnesses to the appellant's purported civil rights violations, that they would face possible employment actions or be prosecuted if they cooperated with the appellant's attorney. *Id*. The court ruled for the appellant and dismissed the indictment, citing severe violations of the appellant's constitutional rights by agency employees.[1] *Id*. at 111-12.

¶4      Without holding the hearing that the appellant had requested, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID); *see* IAF, Tab 1 at 1 (the appellant's request for a hearing). The administrative judge found that the appellant's motion defending himself against a criminal indictment falls within the ambit of activity covered by 5 U.S.C. § 2302(b)(9), i.e., any appeal, complaint, or grievance granted by any

---

[1] In dismissing the indictment, the district court discussed at length the close relationship between the prosecutors and the U.S. Marshals Service in this case. IAF, Tab 1, Subtab A at 62-82.

law, rule, or regulation.  ID at 5.  The administrative judge also found that the substance of the appellant's motion to dismiss his criminal indictment was not a disclosure falling within the extended scope of 5 U.S.C. § 2302(b)(9) provided for in the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112–199, 126 Stat. 1465, because the motion did not seek to remedy or correct an action that was taken in retaliation for whistleblowing.  ID at 6.  Thus, the administrative judge found that the Board lacks jurisdiction over the appeal.  ID at 6.

¶5        In his petition for review, the appellant contends that the administrative judge erred in finding that the motion to dismiss filed with the district court is activity covered by section 2302(b)(9) and erred in finding that he failed to establish jurisdiction over his IRA appeal.  Petition for Review File, Tab 1.  The agency has responded to the petition for review, and the appellant has replied to the response.  *Id.*, Tabs 3-4.

## ANALYSIS

¶1        The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegation that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Here, the appellant established that he exhausted his administrative remedies before OSC.  He showed that he filed a complaint with OSC alleging that the agency reassigned him from Chicago, Illinois, to St. Louis, Missouri, effective July 18, 2013, in reprisal for disclosing to a federal judge during criminal proceedings against him that a number of agency employees interfered

with his constitutional right to conduct a defense investigation and interview prospective witnesses. IAF, Tab 1, Subtab D. He also showed that OSC issued a letter informing him that it was closing its investigation of his complaint and that he may have the right to seek corrective action from the Board. *Id*., Subtab E. At issue in this appeal is (1) whether the appellant made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) so as to fulfill the jurisdictional requirement, and (2) whether the administrative judge erred by finding a lack of Board jurisdiction.

The appellant's disclosure did not fall within the purview of 5 U.S.C. § 2302(b)(9).

¶6        Prior to the enactment of the WPEA, 5 U.S.C. § 2302(b)(9) made it a prohibited personnel practice to retaliate against an employee or applicant for employment "because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." *Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, ¶ 9 (2001); *Williams v. Department of Defense*, 46 M.S.P.R. 549, 551 (1991). Reprisal in violation of section 2302(b)(9) was viewed as "'reprisal based on exercising a right to complain.'" *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575 (Fed. Cir. 1996) (quoting *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690 (Fed. Cir. 1992)). The Board had held that claims of a prohibited personnel practice, such as reprisal under section 2302(b)(9), did not serve as an independent basis for a finding of Board jurisdiction over an IRA appeal. *Flores v. Department of the Army*, 98 M.S.P.R. 427, ¶ 9 (2005); *see Serrao*, 95 F.3d at 1575. In interpreting the pre-WPEA version of 5 U.S.C. § 2302(b)(9), the Board specifically held that a claim of reprisal for exercising a right to complain in certain administrative proceedings, such as Board appellate proceedings, the equal employment opportunity (EEO) complaint process, grievance proceedings, and unfair labor practice proceedings, was not a basis for a finding of Board jurisdiction. *Coffer*

*v. Department of the Navy*, 50 M.S.P.R. 54, 56-57 (1991) (an unfair labor practice charge/complaint); *Ruffin v. Department of the Army*, 48 M.S.P.R. 74, 78 (1991) (a Board appeal); *Fisher v. Department of Defense*, 47 M.S.P.R. 585, 587-88 (1991) (a grievance); *Williams*, 46 M.S.P.R. at 553 (an EEO complaint). Significantly for this appeal, the Board has not found that a motion to dismiss a criminal indictment is analogous to the right to seek redress in the administrative fora set forth above.

¶7       In *Von Kelsch v. Department of Labor*, 59 M.S.P.R. 503, 505-06, 508 (1993), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224 (1998), the appellant, an Alternate Board Member of the Employees' Compensation Appeals Board (ECAB), alleged that the agency retaliated against her for submitting a CA-1 Notice of Traumatic Injury to the ECAB's Chairman. The Board found that an employee who files a Form CA-1 is exercising his or her right to file a "claim" for "payment of compensation" under the Federal Employees' Compensation Act (FECA). *Id.* at 508; *see* 5 U.S.C. §§ 8121, 8124. The Board determined that, in adjudicating a FECA claim, the Office of Workers' Compensation Programs (OWCP) decides whether the claimant has provided sufficient evidence of a nexus between the injury and her course of employment and, if so, the amount and kind of compensation to be awarded. *Von Kelsch*, 59 M.S.P.R. at 508; *see Anderson v. United States*, 16 Cl. Ct. 546, 548 (1989). The OWCP is not empowered to grant relief for any underlying personnel practices that may have led to the injury. *Von Kelsch*, 59 M.S.P.R. at 508.

¶8       Comparing the nature and scope of a FECA claim with, for example, an appeal to the Board, a complaint filed with the Equal Employment Opportunity Commission, an unfair labor practice complaint, or a grievance, the Board in *Von Kelsch* concluded that the submission of a FECA claim for compensation for a work-related injury does not constitute an initial step toward taking legal action against an employer for the perceived violation of an employee's rights. *Von*

*Kelsch*, 59 M.S.P.R. at 508; *see Williams*, 46 M.S.P.R. at 553. Accordingly, the Board found that the filing of a CA-1 is not the "exercise of any appeal, complaint, or grievance right" within the terms of 5 U.S.C. § 2302(b)(9). *Von Kelsch*, 59 M.S.P.R. at 508-09.

¶9      The WPEA amended various provisions of the WPA, including 5 U.S.C. § 2302(b)(9). The new statutory language provides that it is a prohibited personnel practice to retaliate against an employee or applicant because of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation-- (i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." 5 U.S.C. § 2302(b)(9)(A). Nothing in the WPEA, however, alters the Board's previous analysis concerning the meaning of the terms "appeal, complaint, or grievance" in the statutory language.

¶10     Accordingly, we find that filing a motion to dismiss an indictment does not constitute an initial step toward taking legal action against an employer for a perceived violation of employment rights. *See Ledeaux v. Veterans Administration*, 29 M.S.P.R. 440, 444 (1985) (holding that an appellant's filing of a criminal complaint for assault and battery against his supervisor was not the sort of activity covered by 5 U.S.C. § 2302(b)(9)). The opposing party in the criminal proceeding is the federal government, acting not as an employer, but as a prosecutor. The district court is not empowered to grant relief for any personnel action related to the indictment. Thus, we conclude that the appellant's disclosure to the court was made outside of procedures that fall within the protection of section 2302(b)(9), and therefore the disclosure can serve as a basis for Board jurisdiction over the appellant's IRA appeal under section 2302(b)(8). The administrative judge's finding to the contrary was erroneous.[2]

---

[2] The WPEA provides for Board jurisdiction over an IRA appeal where the appellant engaged in activities covered by 5 U.S.C. § 2302(b)(9)(A)(i). 5 U.S.C. § 1221(e)(1).

<u>The appellant's disclosure was protected under 5 U.S.C. § 2302(b)(8).</u>

¶11    Having determined that the administrative judge erroneously found that the appellant's motion to dismiss the indictment fell within the purview of section 2302(b)(9) and was thus outside of the Board's jurisdiction, we now address whether the appellant's disclosures were protected by section 2302(b)(8). A protected disclosure is a disclosure of information that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013) (citing 5 U.S.C. § 2302(b)(8)). At the jurisdictional stage, the appellant is only burdened with making a nonfrivolous allegation that he reasonably believed that his disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Schoenig*, 120 M.S.P.R. 318, ¶ 8. The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a

---

The administrative judge found that the appellant's motion to dismiss his criminal indictment was not an activity falling within the purview of section 2302(b)(9)(A)(i) because the motion did not seek to remedy or correct an action that was taken in retaliation for whistleblowing. ID at 6 (citing *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013)). We need not address the administrative judge's reasoning because the appellant presented sufficient evidence to establish that his disclosure was protected by 5 U.S.C. § 2302(b)(8). We also note that the WPEA provides for Board jurisdiction over claims of reprisal for testifying or lawfully assisting any individual exercising an appeal, grievance, or complaint right, reprisal for cooperating with or disclosing information to an Inspector General or OSC, or reprisal for refusing to obey an order that would require a violation of law. 5 U.S.C. § 2302(b)(9)(B), (C), and (D); 5 U.S.C. § 1221(e)(1). There is no contention that these sorts of activities are present in this appeal and thus those provisions have no application to the instant case.

law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Schoenig*, 120 M.S.P.R. 318, ¶ 8.

¶12     Here, the appellant alleges that he disclosed to a federal judge a violation of law by disclosing that agency employees violated his constitutional rights under the Fifth and Sixth Amendments. The Board has never decided whether a disclosure of an alleged constitutional violation constitutes a disclosure of a violation of law, and we need not decide that issue here because, as explained below, the appellant's disclosure constituted a nonfrivolous allegation of an abuse of authority.

**¶13**     In his OSC complaint and Board appeal, the appellant characterized his disclosure as being one of a violation of law and of his constitutional rights. IAF, Tab 1 at 7; *id*., Subtab D; *see* IAF, Tab 12. He has never characterized his disclosure as being of an abuse of authority. There is no requirement, however, that an appellant correctly label the category of wrongdoing under section 2302(b)(8) in order to establish Board jurisdiction. *Tullis v. Department of the Navy*, 117 M.S.P.R. 236, ¶ 7 (2012); *Rzucidlo v. Department of Army*, 101 M.S.P.R. 616, ¶ 13 (2006); *Pulcini v. Social Security Administration*, 83 M.S.P.R. 685, ¶ 8 (1999), *aff'd*, 250 F.3d 758 (Fed. Cir. 2000) (Table). The disclosure must, however, be specific and detailed, not a vague allegation of wrongdoing. *Rzucidlo*, 101 M.S.P.R. 616, ¶ 13; *see Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999). The appellant's disclosure here clearly meets that requirement.

¶14     For purposes of the WPA, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). The test for whether the appellant had a reasonable belief that his disclosure evidenced such abuse is an objective one. *See Shannon v. Department of Veterans Affairs*, 121 M.S.P.R.

221, ¶ 22 (2014); *White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994). The appellant need not prove that the condition reported established an abuse of authority under 5 U.S.C. § 2302(b)(8) but must establish that the matter reported was one that a reasonable person in the employee's position would believe evidenced an abuse of authority. *See White*, 63 M.S.P.R. at 95. We find that the appellant's disclosure to a federal judge that agency officials' threats—of criminal charges and employment actions—to potential witnesses to a criminal trial constitutes a nonfrivolous allegation that he engaged in whistleblowing by disclosing a purported abuse of authority. *See Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011) (harassment or intimidation, including a supervisor's threats to an employee's career, can constitute an abuse of authority).

The appellant nonfrivolously alleged that his protected disclosure was a contributing factor in his reassignment.

¶15     To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id*.

¶16     A reassignment is a personnel action under the WPA. 5 U.S.C. § 2302(a)(2)(A)(iv); *see Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995). Here, the appellant made a nonfrivolous allegation that the officials reassigning him knew of his disclosure. The judge's decision dismissing the indictment against him was published. Additionally, the agency prepared an

appeal of the decision, although it appears that the agency voluntarily moved for dismissal of the appeal before it was adjudicated. *See* IAF File, Tab 1, Subtab D at 8. Further, the personnel action at issue, a reassignment, is alleged to have been ordered within 4 months of the issuance of the decision in the appellant's favor. *Id.* We find that the appellant has made nonfrivolous allegations that his disclosure was a contributing factor to his reassignment under the knowledge-timing test. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 21-23 (2013); *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶¶ 19-20 (2008).

## ORDER

¶17     Having found that the appellant has met his jurisdictional burdens, we REMAND this case to the regional office for a hearing and further adjudication in accordance with this Remand Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
WASHINGTON, D.C.